Summer, Appellee, *v.* The Stark County Patrons' Mutual Ins. Co., Appellant.

(Decided February 1, 1940.)

*Mr. A. Talmadge Snyder,* for appellee.

*Messrs. Black, McCuskey, Ruff & Souers,* for appellant.

Montgomery, J. This is the second appearance of this case in this court. Upon the first trial in the Court of Common Pleas a verdict was directed for the defendant and judgment entered thereon. That judgment was reversed by this court on February 6, 1939, an opinion being rendered, which was published in 62 Ohio App., 73.

Upon a retrial of the case, the cause was submitted to a jury, which returned a verdict for the plaintiff for the amount claimed, and judgment having been entered upon that verdict an appeal was perfected to this court by the defendant below. The defendant, appellant here, relies upon two assignments of error only. This is done with propriety, because we find no merit in the other assignments of error, but these two as-

signments deserve considerable discussion. They are:
First, that the trial court incorrectly charged the jury
as to the amount which plaintiff would be entitled to re-
cover if he was found entitled to a verdict; and, second,
that the trial court incorrectly charged the jury as to
the degree of proof required on the part of the defend-
ant to substantiate its defense of fraud.

The defendant, a mutual insurance company, had in-
sured buildings on a certain farm, of which the plaintiff
owned an undivided one-third interest, but the policy
ran to the plaintiff alone and covered the agreed value
of the buildings insured. One of them was destroyed
by fire.

That the plaintiff was the owner of an undivided one-
third interest in this real estate and had an insurable
interest is clear. Because of this fact we were right in
reversing the former judgment entered against him.
However, it becomes necessary to and we do unhesi-
tatingly repudiate much of the reasoning in the opinion
and the syllabus, as the same appears in 62 Ohio App.,
73.

The scrivener of that opinion appears to have relied
to a considerable extent upon the holding of 'the Su-
preme Court of Ohio in the case of *Ins. Co.* v. *Leslie,* 47
Ohio St., 409, 415, 24 N. E., 1072, 9 L. R. A., 45. How-
ever, a more careful study of the opinion in this latter
case shows that the duty enjoined upon the insurance
company taking the risk is to cause the building to be
examined by the agent, the full description thereof to
be made by him, and the insurable value thereof to be
fixed by him; that the responsibility is thus cast upon
the insurer of determining by its examination whether
it will insure the building, and if so, for what sum; and
that when it chooses to assume a risk thereon and ac-
cepts premiums, it is bound by its own examination and
valuation. This authority does not hold the insurance
company responsible for ascertaining the actual own-

ership of the premises in question, or the extent of the insurable interest of the insured.

The policy issued to the plaintiff in the instant case contains this provision:

"And the said company hereby agrees to make good unto the said assured, his heirs, executors, administrators and assigns all such immediate loss or damage not exceeding in amount the sums insured, nor the interest of the assured in the property as shall happen by fire, lightning or storm, to the property above specified; the amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss and to be paid within ninety days after notice is given by the assured and received at this office, in accordance with the terms and provisions of this policy."

The plaintiff upon the witness stand testified that he owned a one-third interest in this property and was attempting to insure his own interest and not that of the other owners, and the testimony of the agent of the company is to the effect that neither he nor his company had any knowledge of the fact that Summer owned one-third, only. The property value was fixed at $3,200, as a whole. Summer did not disclose to the company or its agent the fact that he was the owner of an undivided one-third only.

It seems to us that the right of the plaintiff to recover and the amount of his recovery are determined by the rule and the reasoning of the Supreme Court in the case of *Knight* v. *Eureka Fire & Marine Ins. Co.,* 26 Ohio St., 664, 20 Am. Rep., 778. The second and third paragraphs of the syllabus of this case are as follows:

"2. A part owner of a vessel has no authority, by reason of the joint ownership, to insure the interests of the other owners; hence, a policy taken upon the whole vessel in his own name, without previous authority or

subsequent ratification by the other owners, is invalid, except as to the interest of the part owner obtaining it.

"3. Where such policy was intended by the insurer to cover the whole vessel for the benefit of all concerned, but is invalid, except as to the interest of the part owner procuring it, the insurer is only liable to such part owner for such portion of the sum insured as his interest bears to the whole."

Attention is directed to page 670 of the opinion in this case, where we find the following language:

"An insurer may implicitly rely on the information received from the applicant, in relation to the subject-matter, and the persons to be insured. If the Louisiana Mutual Insurance Company undertook to insure George in the sum of $4,500, upon the whole boat, believing from the representations of George, that he was the sole owner, while in truth he had an insurable interest only in three-fifths of the boat, it would be palpably unjust to hold the company as an insurer to the full amount named upon only a fraction of the property intended to be covered. If such representations had been fraudulently made, there is no doubt the policy would have been void *in toto,* and, being innocently but carelessly made, the contract should not be enforced for more than the proportion of the risk assumed which George's interest bore to the whole vessel."

It follows, therefore, that the trial court in charging the jury that if it found for the plaintiff it must award him the full amount of the loss, committed error and should have limited the jury to a determination of the interest of the plaintiff therein. In committing this error, however, the trial court is not to be censured, because it did but follow the former erroneous conclusion of this court, to which we have heretofore made reference.

Attention must be directed further, however, to the

second urged assignment of error, and for this criticized proposition the trial court must assume full responsibility. It did charge the jury specifically and at length to the effect that the defendant, to substantiate its claim of fraud, must prove the same by clear and convincing evidence. That is not the law in Ohio. The rule is laid down by the Supreme Court of Ohio in the case of *Jones, Stranathan & Co.* v. *Greaves*, 26 Ohio St., 2, 20 Am. Rep., 752, the syllabus of which is as follows:

''On the trial of a civil action wherein the claim or defense is based on an alleged fraud, the issue may be determined in accordance with the preponderance or weight of evidence, whether the facts constituting the alleged fraud do, or do not, amount to an indictable offense.''

This case has been generally followed in Ohio, and perhaps the latest and most positive restatement of the rule is to be found in the case of *Korona Jewelry & Music House* v. *Loveland*, 25 Ohio App., 116, 157 N. E., 500. In that case the trial court had charged the jury in a suit to recover on promissory notes that an affirmative defense of fraud required the proof to be clear and convincing. Judge Richards, speaking for the Sixth Appellate District Court of Appeals, said:

''We think the instructions on the subject of degree of proof required to establish fraud were erroneous and prejudicial.''

It follows that on the two grounds herein set forth the judgment of the trial court must be and is reversed and this cause is remanded to that court for further proceedings.

*Judgment reversed and cause remanded.*

SHERICK, P. J., concurs.
LEMERT, J., dissents.