Gibson, J.
In an action to recover on fire insurance policies, the defendant'insurers have had judgment upon a verdict of no cause of action. There was a unanimous affirmance at the Appellate Division and appeal is taken by our leave.
The primary issue submitted on appeal is evidentiary in nature and one of first impression, presenting, as it does, the question whether, in a civil action such as this, the court may *73 receive a confession of arson given to the police, without prior warning to defendant of his Escobedo rights[1], and on that ground later suppressed following a Huntley hearing conducted in conjunction with the trial of the insured under an indictment for arson. We have concluded that such a confession, if voluntarily given, may properly be admitted; and that plaintiff’s written and oral statements in this case were properly received and submitted to the jury under a careful and correct charge. In this connection, the jury was instructed that no effect could be given the statements unless they should be found to have been freely and voluntarily made ; and that if they should be found to have resulted from force, fraud, duress, fear or intimidation, so that they did not represent the plaintiff’s free and voluntary acts, they could not be considered or given -any effect. The jury could well find the statements voluntary and there was, indeed, little or no substantial evidence that any of them was coerced. Plaintiff admitted that he was never threatened with physical violence, was never told that he could not leave the State Police barracks where the interrogation was conducted and, in fact, never asked or attempted to leave. Instead, he maintained that he neither set the fire nor confessed to such an act; that the typed confession in no way reflected what he did say; and that he did not read it because he was “ shook up ” and did not have his- glasses. In sum then, he contended, not that a confession had been coerced, but that no confession had been made.
The conceded denial of plaintiff’s request to be permitted to consult counsel did not render inadmissible upon the civil trial a voluntary confession otherwise competent and relevant. Reference to Escobedo (3-78 U. S. 478) and, Miranda (384 U. S. 436), as well as to People v. Donovan (13 N Y 2d 148) which preceded Escobedo, makes it clear that Escobedo and Donovan are concerned with the suspect’s right to counsel—the ground upon which the Huntley hearing Judge suppressed the statement now before us—and it is equally evident that the function of Miranda was to establish procedural safeguards in *74 implementation of the right to counsel as guaranteed by the Fifth Amendment. None of the rules announced in these cases reached the question of the actual voluntariness of the confession, in the sense that the confession might in fact have been coerced, a completely different and time-honored ground for exclusion. Thus, a confession may he suppressed under these procedural rules for reasons entirely separate and apart from those determinative of its voluntariness. To say, then, that a confession taken in violation of Escobedo should also, and automatically, be excluded upon a civil trial, especially where the declarant is attempting to reap financial rewards on grounds which would be defeated by his own prior statement, makes little sense. If the prior statements were made involuntarily and did not convey the truth, then declarant may attempt so to persuade the jury, just as he might when any other admission is thrown up to him at a time when he is relating to the fact finder a completely different story. In effect, plaintiff in the case before us is arguing that his constitutional rights insulate him from the embarrassment of a major prior inconsistency when, in point of fact, those rights were never intended to provide a shield on the private side.
While Matter of Zuckerman (20 N Y 2d 430, cert. den. sub nom. Zuckerman v. Greason,, 390 U. S. 925) otherwise differs significantly on the facts, it may be noted that there this court gave emphasis to the specific application of the Fifth Amendment to criminal cases (p. 438), and declined to hold that inculpatory statements made by lawyers during disciplinary proceedings — when to say nothing would automatically effect disbarment—could not be used a a basis for disbarment anyway. It was acknowledged, of course, that the statements could never have been used against the declarants in any criminal proceedings brought against them.
No sound analogy is to be found in the rules respecting the admissibility of illegally seized property and appellant’s reliance upon them is mistaken. The Fourth Amendment in pertinent part provides: ‘ ‘ The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated”. Rights are breached at the time the Government wrongfully invades the citizen’s privacy in such manner. The victim of such action has *75 in no way voluntarily or freely made evidence available to the Government. The Fifth Amendment, on the other hand, reads, so far as here material: “ nor shall be compelled in any criminal case to be a witness against himself”. (Emphasis supplied.) The Sixth Amendment states, in pertinent part: “In all criminal prosecutions, the accused shall enjoy the right * # * to have the Assistance of Counsel for his defence.” (Emphasis supplied.) Thus, under the Fourth Aonendment, the citizen has a right to be secure in his belongings and this security ought reasonably to extend tó whatever use is to be made of this illegally obtained evidence even if it falls into the hands of private parties for private purposes.
Accordingly, there seems little relevance to the lines of argument set up in the briefs which involve the proper construction to be given Sackler v. Sackler (15 N Y 2d 40) and ensuing cases such as Matter of Finn’s Liq. Shop v. State Liq. Auth. (24 N Y 2d 647) holding that evidence seized in violation of Fourth Amendment rights by the State Liquor Authority may not be admitted in administrative forfeiture proceedings. To reiterate, a breach of Fourth Amendment rights occurs at the time a person’s belongings are illegally confiscated whereas a person’s Fifth Amendment rights are violated only when his statements, taken without the necessary observance of his protection, are used against him in a criminal case.
An additional assignment of error respects the reception of evidence that plaintiff declined to undergo a polygraph test. In view of the limited purpose for which this proof was properly received and of the Trial Judge’s correct instructions concerning it, no error occurred. There was proof that plaintiff agreed at his home to take the test and voluntarily accompanied a State Trooper to the State Police barracks for that purpose. Plaintiff nowhere denies this. Thus, it appears that he freely went to the barracks in the first place. The fact that once there he refused to take the test is material, as defendants correctly urge, because it is part and parcel of his claim that he wanted counsel, and is one of the events leading up to his conversations with the Trooper; as to which the Trooper testified that plaintiff said: “ Suppose I did set the fire? What would I get out of it? Would there be any publicity? What fine or jail sentence would there be? ”, all, of course, constituting admissions. *76 These admissions, according to the officer, grew directly out of conversations involving plaintiff’s refusal to take the test and thus those conversations were important to the jury’s consideration of the claim as to plaintiff’s voluntary appearance at the barracks and that with respect to the voluntariness of the statements that he made there. The court instructed: ‘ ‘ The refusal to take the polygraph test in and of itself means nothing. You may, however, consider all of the conversations relating to the polygraph test insofar as that has a bearing upon the alleged admissions made by this plaintiff to the authorities, whether or not in fact those admissions or statements were made, whether or not in fact those statements, admissions, were voluntarily and freely made.” Thus, the jury was charged to consider the conversations dealing with the polygraph test only as they constituted part of the circumstances surrounding the other statements which were received as admissions.
A further objection is that addressed to the admission of proof that within a period of nine months three fires destroyed various buildings on plaintiff’s farm and that plaintiff collected the proceeds of fire insurance covering the first two losses, the third being that for which recovery is sought in this action. In the confession which has been alluded to, plaintiff said that he “ made out pretty good on the insurance [from one of the earlier fires]. Then is when I got the thought that if I set a fire it might help me solve some of my financial problems.” The court correctly charged that from the fact of the fires ‘ ‘ no inference can be drawn as bearing upon whether or not the plaintiff set fire to this house which is the subject of this action * # * [but] you may consider those prior fires and the settlements therefrom as bearing upon any motive that the plaintiff may have had which you find has a bearing upon whether or not he set the fire to the house which is the subject of this action.” Evidence of other fires may generally be admitted when thus shown to be relevant to a contested issue. (See People v. Freeman, 160 App. Div. 640, affd. 213 N. Y. 688; People v. Zucker, 20 App. Div. 363, affd. 154 N. Y. 770; Wright v. People, 29 Hun 141, Opinion in 1 N. Y. Crim. Rep. 462; People v. Furgerson, 209 Cal. App. 2d 387; Ann., Arson-Evidence-Other Fires, 87 A. L. R. 2d 891.)
*77 Appellant’s additional contentions with respect to the judgment and orders challenged do not require discussions. The order appealed from should be affirmed.
Chief Judge Ftjld and Judges Burke, Scileppi, Bergan, Breitel and Jasen concur.
Order affirmed.

. In the course of the police interrogation, plaintiff’s request to consult an attorney was denied, in violation -of the rule of Escobedo v. Illinois (378 U. S. 478) and upon the criminal trial the confession was excluded upon that ground. The trial was held prior to the decision of Miranda v. Arizona (384 U. S. 436).