**Bruce HAMMANN, Plaintiff-Appellant,**

v.

**HARTFORD ACCIDENT AND INDEMNITY CO.; the Willard United Bank; and United States of America, Defendants-Appellees.**

No. 78–3256.

United States Court of Appeals, Sixth Circuit.

Argued April 11, 1980.

Decided May 8, 1980.

Robert F. Thornton, Thornton & Thornton, Willard, Ohio, for plaintiff-appellant.

Malvin L. Karp, Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, for Hartford Acc. and Indem. Co.

Franklin D. Eckstein, Dush & Eckstein, Joseph F. Dush, Willard, Ohio, for Willard United Bank.

James R. Williams, U. S. Atty., Toledo, Ohio, for the U. S.

Before EDWARDS, Chief Judge, MARTIN, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

The plaintiff, Bruce Hammann, brought an action to recover under a fire insurance policy for damage to a barn. He appeals a jury verdict for the defendant returned in Toledo, Ohio.

The fire was first observed around 8:00 a. m. on August 29, 1975, shortly after Hammann returned from the barn. He had been alone there for approximately thirty minutes before his wife spotted the fire and gave the alarm. The defendant, Hartford Accident and Indemnity Company, present-

ed expert testimony as to the origin and nature of the fire. It had three places of origin in the upper loft, was incendiary in nature, and was started by use of an accelerant. Hammann suggested that the fire was started by lightning but offered no substantial proof.

The main thrust of Hammann's appeal concerns the admission into evidence of his previous fire experiences. Hammann contends that such evidence was irrelevant and prejudicial. At least six other fires had occurred on various tracts of property belonging to the plaintiff over the years. Four of them resulted in insurance recoveries. The trial judge excluded evidence of fires which did not result in any recovery. Also excluded was any evidence of the circumstances surrounding the four fires yielding insurance recoveries.

Defendant argues that evidence of other fires was properly admitted under Rule 404(b), Fed.R.Evid. The trial court entertains broad discretion in making a determination of admissibility under Rule 404(b). *United States v. Bloom*, 538 F.2d 704 (5th Cir. 1976). We must determine whether such discretion was abused in ruling that the probative value of such fires outweighed their potentially prejudicial effect. *United States v. Czarnecki*, 552 F.2d 698 (6th Cir.), *cert. denied*, 431 U.S. 939, 97 S.Ct. 2652, 53 L.Ed.2d 257 (1977).

 Here, the evidence of prior fires was properly admitted for a number of reasons: Defendant attacked Hammann's credibility by establishing that he had willfully concealed several occurrences of fires from the defendant. Second, the trial court properly instructed the jury that the fires were to be considered as bearing only on Hammann's motive. *See Terpstra v. Niagara Fire Insurance Co.*, 26 N.Y.2d 70, 308 N.Y.S.2d 378, 256 N.E.2d 536 (1970). Lastly, Hartford asserted the defense of incendiarism which included evidence of Hammann's intent or knowledge of the occurrence. *See, e. g., Trice v. Commercial Union Assurance Company*, 397 F.2d 889 (6th Cir. 1968), *cert. denied*, 393 U.S. 1018, 89 S.Ct. 623, 21 L.Ed.2d 563 (1969).

 As for Hammann's additional arguments, we find that he was not prejudiced by inquiries into his condition during other fires; defendant was correctly required only to prove its claim of fraud by a preponderance of the evidence. *Summer v. Stark County Patrons' Mutual Insurance Company*, 63 Ohio App. 369, 26 N.E.2d 1021 (1940); and the jury instructions on defendant's increase of hazard defense were proper. *American Manufacturers Mutual Insurance Company v. Wilson-Keith & Co.*, 247 F.2d 249 (8th Cir. 1957).

The judgment of the district court is affirmed.