**Mildred M. TRAVERS, Plaintiff,**

v.

**TRAVENOL LABORATORIES, INC., Defendant.**

No. 80 C 4364.

United States District Court, N. D. Illinois, E. D.

March 26, 1982.

---

Ellis E. Reid, Chicago, Ill., for plaintiff.

David J. Parsons, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Mildred Travers ("Travers") brings this race discrimination action against Travenol Laboratories, Inc. ("Travenol") charging unlawful harassment, suspension and termination from employment. Travenol has learned Travers had also filed with Equal Employment Opportunity Commission ("EEOC") a discrimination charge against her prior employer. Because EEOC has destroyed that file, the only remaining record of the proceeding is in the hands of Travers' former attorney W. James Brown ("Brown"). Travenol has moved to compel Travers to supply a release, so that Travenol can obtain the documents from Brown. For the reasons stated in this memorandum opinion and order Travenol's motion is granted.

Travers contends the documents are protected by either the attorney-client privilege or the work product doctrine. But Travenol seeks (1) documents sent by EEOC to Travers and (2) documents sent by Travers to EEOC. Clearly the former are not privileged, and any privilege in the latter was waived when the documents were sent to a third party, EEOC.

Relevance of the documents poses a more difficult problem. Travenol relies on the possibility that Travers may have filed a frivolous discrimination charge against her former employer and that such an act is probative to show a like motivation in filing this action.

Relevance for discovery purposes is defined by Fed.R.Civ.P. 26(b)(1) as anything that would be admissible at trial or "appears reasonably calculated to lead to the discovery of admissible evidence." Obviously any evidence that Travers' current action was frivolous or contrived would be relevant within that standard. Here the question is whether evidence of a *prior* frivolous EEOC claim can go to the nature of the *current* claim.

Fed.R.Evid. ("Rule") 404(b) points to the answer:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Essentially Travenol argues that Travers' *intent* is to file a contrived rather than a legitimate claim, that her *motive* is to recover on a false charge. Such contentions (drawing inferences as to intent and motive from parallel prior acts) fit within the Rule's admissibility criteria. To draw on another of the Rule's exceptions—"plan"—such proof has been admitted to show "a pre-existing design or scheme." *United States v. Weidman*, 572 F.2d 1199, 1202 (7th Cir. 1978).

This opinion does not however purport to resolve the question of ultimate admissibility of any part of the EEOC record. Any attempt to introduce prior acts against a plaintiff in a civil action poses a different problem from the more typical criminal defense situation. *See, Carter v. Hewitt*, 617 F.2d 961, 966–69 (3d Cir. 1980); *Hammann v. Hartford Accident and Indemnity Co.*, 620 F.2d 588, 589 (6th Cir. 1980). And even if the evidence were technically admissible

under Rule 404(b), under Rule 403 this Court would still have to weigh its prejudicial effect against its probative value before admitting it into evidence. But from a discovery perspective Travenol's inquiry meets the "reasonably calculated" threshold of Rule 404(b).

### Conclusion

Travenol's motion to compel is granted. Travers is ordered to provide Travenol with the necessary release on or before April 2, 1982.