CHARLES LEROY WERNOWSKY *et al.*, Plaintiffs-Appellants, *v.* ECONOMY FIRE & CASUALTY COMPANY, Defendant-Appellee.

Fourth District   No. 4—83—0435

Opinion filed March 15, 1984.—Rehearing denied April 19, 1984.

Michael G. Cheronis, of Oak Park, for appellants.

Jonathan H. Barnard and Mark A. Drummond, both of Schmiedeskamp, Robertson, House, Neu & Mitchell, of Quincy, for appellee.

PRESIDING JUSTICE MILLS delivered the opinion of the court:

Fire loss.

*Quaere*: Is evidence of prior fire losses admissible?

Yes—but only if a foundation suggesting wrongful conduct is first produced.

We reverse and remand.

The Wernowskys filed suit seeking proceeds under a policy of insurance issued by Economy Fire & Casualty Company for a fire loss to their residence and also for attorney fees and statutory penalties for Economy's vexatious refusal to settle pursuant to section 155 of the Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 767). Economy denied liability on the grounds that plaintiffs had falsely alleged in their proof of loss claim—required under the policy—that the fire did not originate by "any act, design or procurement on the part of" the Wernowskys, and that the Wernowskys attempted to deceive Economy as to the extent of the loss.

For purposes of trial, the parties stipulated to a bifurcated hearing, proceeding to trial first on the question of liability. Following a bench trial the court entered a judgment in favor of defendant on the issue of liability. The court ruled that Economy had shown by a preponderance of the evidence that the fire was intentionally set by or on behalf of Charles Wernowsky and that Barbara Wernowsky participated in a fraud against Economy.

On appeal, plaintiffs maintain (1) the trial court erred in admitting evidence of previous fire loss claims by the plaintiffs to show motive;

(2) the trial court erred in taking the issue of the admissibility of the previous fire loss claims under advisement rather than ruling before trial; (3) the trial court's ruling which denied recovery by Barbara Wernowsky was against the manifest weight of the evidence; and (4) the trial judge should have recused himself from this case due to conflict.

Charles Wernowsky testified that, in the early morning hours of January 1, 1982, he was called at the home of a friend and was told his house was on fire. He further testified that his wife and children were out of town, and he had spent the previous evening drinking with friends. He stated that he and his friend, Johnny Knowles, had left the last tavern between 5 and 5:30 a.m., and Wernowsky decided to stay at Knowles' house rather than go home. Knowles corroborated Wernowsky's version of the events and stated that he never lost sight of Wernowsky from 5 a.m. until Wernowsky received the call that his house was on fire.

As part of the procedure in applying for insurance proceeds, Barbara Wernowsky, who was divorced from Charles at the time of the trial, gave a statement concerning the loss. In that statement, she said that several months prior to the fire, she had left her purse in the front seat of their unlocked pickup truck, and someone ransacked her purse and took only her keys. She did not report the theft to the police or change any of the locks on the house, and the truck was not stolen. She repeated this version at trial.

The trial court denied recovery as to Barbara Wernowsky on the ground that she participated in an attempt to defraud Economy after the fire. The court found her testimony was not reliable and was an attempt to insulate Charles Wernowsky from liability. The trial court noted that her testimony was to imply that a third person had access to the home and could have set the fire. However, no evidence was offered that anything was taken or disturbed in the house, and the fire was found to be set in such a fashion as to make the fire appear to be natural in origin.

Fire and arson investigators testified that, in their expert opinions, the fire was incendiary in origin and was intentionally started, by use of an accelerant, by a person or persons unknown. In addition, both testified that; based on the intensity of the fire and examination of the burn patterns, the fire had multiple points of origin.

Prior to trial, plaintiffs filed a motion *in limine* that testimony regarding the Wernowskys' three previous fire losses within four years of the loss herein be precluded as evidence in this case. The court took the issue under advisement and ruled after trial that such evi-

dence was admissible on the issue of motive.

In each of the Wernowskys' previous losses, the building or house was insured for an amount in excess of the purchase price and burned within a matter of months after purchase. The house in question was purchased in May 1978 for $31,500 and was insured for $45,000 at the time of the fire. Wernowsky testified the house had been for sale for several months prior to the fire, and he had received no actual offers on it.

The thrust of plaintiffs' appeal is that evidence of prior fire loss claims should not have been admitted, because defendant did not show the losses were based on wrongful or fraudulent acts. We agree.

In *Hammann v. Hartford Accident & Indemnity Co.* (6th Cir. 1980), 620 F.2d 588, the trial court excluded evidence of previous fires on plaintiff's property which did not result in any recovery. Also excluded was any evidence of the circumstances surrounding the four fires yielding insurance recoveries. On appeal, the court held that evidence of prior fires was admissible, because (1) defendant attacked plaintiff's credibility by establishing that he had wilfully concealed several occurrences of fires from defendant, and (2) the court instructed the jury that the fires were to be considered as bearing only on plaintiff's motive.

■ Defendant must lay a proper foundation to show that there was some nexus between the previous fire losses and the instant loss. Defendant is required to produce *some* evidence which would indicate the prior fires were also of a suspicious nature in order to allow those losses as bearing on plaintiffs' motive or intent. Thus, we must reverse and remand to allow defendant the opportunity to establish this relevancy.

As a result of our decision to remand, we need not address plaintiffs' other evidentiary questions. However, because we are remanding, we conclude that, in this case, the trial judge should recuse himself.

■ Plaintiffs contend the judge was by law required to recuse himself because of his relationship to a member of the firm which represented defendant. The judge's wife's sister is married to an attorney in that firm. Supreme Court Rule 67 states that a judge shall disqualify himself in any case where a "brother, sister *** or spouse thereof" is involved (87 Ill. 2d R. 67). We find no violation of that rule in this case. His status as "brother-in-law" is purely a courtesy title, and he is not technically related in the true sense of the word. There was no conflict for that reason.

■ Nevertheless, we find that the judge's previous representation

of Mr. Wernowsky, as a private attorney, was sufficient for him to *sua sponte* recuse himself in this case. Although he offered to recuse himself immediately if either party so desired, we feel that is a decision the litigants should not be forced to make. Although there was no error in this case, we conclude the better practice to have required that the judge step aside.

For the reasons stated, the judgment of the trial court is reversed and remanded to the circuit court for a new trial before another judge.

Reversed and remanded with directions.

TRAPP and WEBBER, JJ., concur.