811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald L. JEFFRIES, Defendant-Appellant.
 No. 86-3205.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1986.
 
 Before KEITH and GUY, Circuit Judges; and ALLAN EDGAR*
 PER CURIAM:
 
 
 1
 Appellant, Ronald L. Jeffries, appeals his jury conviction of receiving proceeds unlawfully taken from a bank under 18 U.S.C. Sec. 2113(c) and acting as an accessory after the fact in violation of 18 U.S.C. Sec. 3. Appellant, Anthony Jeffries and Myron Francis were jointly indicted for the bank robbery of People's Savings Bank, North Kingsville, Ohio. This case raises two central issues: (1) whether the trial court erred in overruling the appellant's motion for acquittal at the end of the government's case with regard to accessory after the fact; and (2) whether the trial court erred in allowing testimony by Myron Francis of an attempted bank robbery three hours prior to the bank robbery in North Kingsville, Ohio. For the following reasons, we affirm.
 
 
 2
 On October 1, 1985, an armed black male with a ski mask over his face robbed the People's Savings Bank in rural North Kingsville, Ohio of $3,348. The robber jumped into a reddish-orange Citation which had two other black males sitting in it. Lieutenant Dan Claypool received a radio call which described a red Citation as the get a way vehicle. Approximately forty-five minutes later, Lieutenant Claypool observed a car matching the "get a way" vehicle's description and stopped it.
 
 
 3
 Myron Francis, Anthony Jeffries and Ronald Jeffries, the appellant, were then arrested on an interstate highway in a rural section of northeastern Ohio. Francis had $1,439.03, Anthony Jeffries had $716.00 and appellant had $700.00 on their persons, respectively.
 
 
 4
 FBI Agent Robert Alvord interviewed appellant on October 1, 1985. In that interview, appellant told Alvord that he was awakened by Anthony Jeffries that morning, and that he and Anthony had driven into Pennsylvania to pick up Myron Francis. Appellant also told Alvord that as they were driving along the freeway, they observed Francis walking along the highway and picked him up. Appellant stated that shortly after they returned to Ohio, they were picked up by the police for bank robbery. Alvord questioned appellant about the money in his pocket. ppellant stated that he needed the money to pick up his car from a Goodyear store in Painesville. Appellant made no mention of any knowledge of the bank robbery.
 
 
 5
 On October 2, 1985, appellant gave a second story to Alvord. In this version, he told Alvord they picked up Francis in Pennsylvania. He then stated that Francis discussed his need for money, and he recalled getting off I-90 at the Kingsville exit when he overheard Francis and Anthony Jeffries discussing a bank robbery. They let Francis out on the street near a bank. Shortly thereafter, Francis jumped in the car and informed them that he had robbed a bank and lost his gun. Appellant indicated in this interview that they headed back toward I-90, and stopped for gasoline. Appellant stated Francis split the bank robbery money with him and Anthony Jeffries.
 
 
 6
 On October 9, 1985, they were jointly indicted for the bank robbery at People's Savings Bank, North Kingsville, Ohio. On December 4, 1985, Francis pled guilty and advised the court that he would exculpate appellant and Anthony Jeffries.
 
 I.
 
 7
 Appellant first argues that the trial court erred in overruling his motion for acquittal at the end of the government's case regarding accessory after the fact. We disagree.
 
 
 8
 In ruling on a motion for judgment of acquittal, the government must be given the benefit of all inferences which can reasonably be drawn from the evidence, even if the evidence is circumstantial. United States v. Adamo, 742 F.2d 927 (6th Cir.1984). Under the criminal statute dealing with accessory after the fact, "whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact." 18 U.S.C. Sec. 3. Thus, three elements must be satisfied to sustain a conviction for accessory after the fact in the present case: (1) that a bank robbery was committed; (2) that appellant had actual knowledge of the robber's participation; and (3) that with such knowledge, appellant acted in such a way as to provide comfort or assistance to the robber or assist in preventing his apprehension or trial.
 
 
 9
 A review of the record reveals that the trial judge correctly ruled on defendant's motion for judgment of acquittal. The trial judge had before him direct and circumstantial evidence of all the elements of the crimes charged in the indictment. Government witness Robert Alvord testified about the October 2nd "statement" of appellant. In this statement, all of the elements of accessory after the fact are present: specifically, it is apparent that appellant knew a robbery was committed, that he had knowledge of the robber's intention and that he acted in such a way to provide comfort or assistance to the robber.[1]
 
 
 10
 The prosecution pointed out in argument to the jury that the direct evidence of crisp new one dollar bills in sequential order found in the pockets of Anthony Jeffries and Myron Francis and the fact that appellant was sitting in the front seat of the "get a way" vehicle one hour after the robbery militated against believing the exculpatory story given by Francis. Consequently, given that the evidence is to be considered in a light most favorable to the government, this Court is convinced that there is both direct and circumstantial evidence to support the jury's finding of guilt.
 
 II.
 
 11
 Appellant argues that the trial court committed reversible error in allowing into evidence testimony regarding an attempted robbery of Penn Bank by Myron Francis approximately three hours prior to the robbery in North Kingsville, Ohio.[2] Again, we disagree.
 
 
 12
 Federal Rule of Evidence 401 defines relevant evidence as that having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401. We believe evidence of an attempted robbery of Penn Bank by Myron Francis, three hours prior to the robbery of Peoples Savings Bank, is relevant. The circumstances of the conduct herein charged is intertwined with and related to the events immediately preceeding the conduct charged. Mr. Francis provided direct testimony that he told appellant he had attempted to rob a bank in Pennsylvania. Furthermore, no motion was made by counsel for the defense to limit or exclude the evidence. Since we believe the above evidence was relevant and no motion was made by counsel to limit or exclude the evidence, we hold that the district court did not abuse its discretion in allowing such evidence to be presented. United States v. Vincent, 681 F.2d 462, 465 (6th Cir.1982).
 
 
 13
 Accordingly, the conviction of appellant is affirmed.
 
 
 
 *
 Honorable R. Allan Edgar, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Appellant also indicated in his statement that he received some money from the bank robbery
 
 
 [2]
 In reciting the factual basis for his guilty plea, Francis stated that Anthony Jeffries and appellant did not know about his attempt to rob the North Kingsville Bank, and that he was pleading to exculpate them. We do not find Francis' exculpation compelling