848 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ambrose BENNETT, Defendant-Appellant.
 No. 87-6179.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1988.
 
 Before MILBURN and BOGGS, Circuit Judges, and ANN ALDRICH, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant-appellant Ambrose Bennett appeals from his conviction of being a convicted felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). He argues on appeal that the district court erred in admitting evidence of narcotics transactions and paraphernalia, as well as a photograph depicting Bennett with United States currency in his hand. For the reasons that follow, we affirm.
 
 I.
 
 2
 On March 20, 1987, federal agents served a search warrant on the rooming house in Memphis, Tennessee, where Bennett resided. The warrant specified that the agents were looking for drugs, drug paraphernalia, and firearms. During the course of the search, when the agents entered a room occupied by Bennett, they found various items of drug paraphernalia, photographs and documents, and a shotgun hanging on a nail in the room.
 
 
 3
 On June 8, 1987, a federal grand jury returned a one-count indictment charging Bennett with being a convicted felon in possession of a firearm. Subsequently, Bennett filed a motion in limine contesting the introduction at trial of any prior alleged "drug deals," relying on Rules 402, 403 and 404(b) of the Federal Rules of Evidence. The district court conducted a hearing on August 28, 1987, and subsequently denied Bennett's motion. After a two-day trial, the jury returned a verdict of guilty on September 2, 1987.
 
 
 4
 At trial, Bennett never contested that the shotgun was found in his room and admitted that he was present when the shotgun was originally brought into the room. However, Bennett claimed that he did not possess the weapon, insisting that it belonged to his girl friend who also resided in the room. The only direct evidence of Bennett's possession of the firearm was provided by a government informant who stated that he had witnessed Bennett handle the shotgun while in the process of making a drug sale.
 
 
 5
 The federal agents testified at trial that upon searching Bennett's room, they found significant drug paraphernalia, four shotgun shells, a photograph of Bennett holding up a large sum of money in his hands spread out like a fan, as well as other documents indicating that the house was indeed Bennett's residence. Bennett testified that he never intended to possess the firearm, but he did indicate that he accepted the firearm into his house to protect himself from break-ins.
 
 II.
 
 6
 Bennett claims that the district court erred in admitting evidence of drug transactions and paraphernalia pursuant to Fed.R.Evid. 404(b). Rule 404(b) provides:
 
 
 7
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 8
 A trial judge is given broad discretion in determining the admissibility of evidence under Rule 404(b). United States v. Fraser, 709 F.2d 1556, 1559 (6th Cir.1983); Hammann v. Hartford Accident and Indem. Co., 620 F.2d 588, 589 (6th Cir.1980); United States v. Czarnecki, 552 F.2d 698, 702 (6th Cir.), cert. denied, 431 U.S. 939 (1977). As the rule indicates, evidence indicating criminal propensity, proved by other conduct, is excluded since the jury might convict a defendant for that conduct rather than the criminal conduct for which he currently stands for trial before the court. However, if the evidence is used for one of the enumerated reasons, it may be admissible. United States v. Davis, 707 F.2d 880, 884 (6th Cir.1983); see also United States v. Beechum, 582 F.2d 898, 910-12 (5th Cir.1978) (en banc), cert. denied, 440 U.S. 920 (1979).
 
 
 9
 A two-step process is employed in reviewing the admission of such evidence. First, we determine whether or not the evidence serves a recognized permissible purpose, such as one of those enumerated in the second sentence of the rule itself. United States v. Hatfield, 815 F.2d 1068 (6th Cir.1987); United States v. Dabish, 708 F.2d 240, 242 (6th Cir.1983) (per curiam); United States v. Vincent, 681 F.2d 462, 465 (6th Cir.1982). That is, the evidence must relate to a matter which is "in issue," and must deal with conduct substantially similar and reasonably near in time to the offense for which the defendant is being tried. United States v. Ring, 513 F.2d 1001, 1005 (6th Cir.1975). If such is the case, the reviewing court will then determine "whether the probative value of the evidence [is] outweighed [by] its potential prejudicial effects." Dabish, 708 F.2d at 242 (quoting Vincent, 681 F.2d at 465); see also United States v. Largent, 545 F.2d 1039, 1043 (6th Cir.1976), cert. denied, 429 U.S. 1098 (1977); Ring, 513 F.2d at 1005.
 
 
 10
 In this case, the evidence concerning Bennett's narcotics' dealing, which was contemporaneous with the possession of a firearm, is relevant and probative in corroborating the informant's testimony concerning the setting within which he saw the firearm handled and used by Bennett, and suggests the motive of Bennett for possessing a firearm. Moreover, the evidence was necessary for the jury to make a reasonable determination of the credibility of the different witnesses, through corroboration or lack of corroboration by other evidence, and to give the jury some idea of the context in which the weapon was possessed.
 
 
 11
 Furthermore, the district court properly admitted the drug evidence to give the jury some understanding of why the government agents were at Bennett's residence in the first place. As this court has earlier held, a "jury is entitled to know the 'setting' of a case. It cannot be expected to make its decision in a void--without knowledge of the time, place and circumstances of the acts which form the basis of the charge." United States v. Roberts, 548 F.2d 665, 667 (6th Cir.), cert. denied, 431 U.S. 920 (1977).
 
 
 12
 While the evidence in question is prejudicial, "as Rule 404(b) evidence usually is," this court will reverse only if the probative value of the evidence is "substantially outweighed by the prejudicial effect...." Hartfield, 815 F.2d at 1073 (emphasis in original). In this case, the record will simply not support such a determination. Therefore, we conclude that under these circumstances, evidence of "drug dealing," or of the possession of a significant amount of drug paraphernalia is sufficiently connected to the possession of firearms that the admission of such evidence is well within the range of discretion afforded a trial judge by Rule 404(b).
 
 
 13
 Bennett's second contention is that the district court committed error in allowing the introduction of the photograph depicting Bennett with a "large sum" of United States currency in his hand. The record and testimony does not reflect, however, the amount of the currency. Bennett contends that as he readily admitted that he resided in the room, the government did not need to admit the photograph to prove his dominion and control over the room in which the gun was found. Thus, Bennett claims that the photograph was cumulative and overly prejudicial.
 
 
 14
 As a general rule, a district court is given considerable latitude in excluding repetitious or cumulative evidence. Hamling v. United States, 418 U.S. 87, 127 (1974). A reviewing court will only reverse the district court's admission of such evidence upon a showing that the court abused its discretion. Id. at 126-27.
 
 
 15
 The photograph in question was found among many other items on top of a dresser indicating that Bennett did indeed occupy the room. However, the government also argues that in addition to proving Bennett's possession of the room, the photograph, along with the other personal items belonging to Bennett, were probative in disproving the statement by Bennett's girl friend that she also resided in the room. The government's proof indicated that no female apparel or personal effects were found in the room, and they argued that among all the personal effects of Bennett, including the photograph, no personal effects of his girl friend were found.
 
 
 16
 While the government has established probative value in the photograph, Bennett makes no showing on appeal that such probative value was substantially outweighed by any prejudicial effect. Furthermore, assuming arguendo, that the district court did improperly admit the photograph, we conclude "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error...." Kotteakos v. United States, 328 U.S. 750, 765 (1946). Assuming that the district court did err in admitting the photograph, such can only be characterized as harmless. Chapman v. California, 386 U.S. 18 (1967).
 
 III.
 
 17
 Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Ann Aldrich, Judge, United States District Court for the Northern District of Ohio, sitting by designation