**Herman WAGSCHAL and Marsha Wagschal, Plaintiffs,**

v.

**The SEA INSURANCE COMPANY, LIMITED, Defendant.**

No. 92 Civ. 2579 (RWS).

United States District Court, S.D. New York.

Aug. 25, 1994.

Matarazzo Blumberg & Associates, P.C., New York City, by Barbara A. Matarazzo, of counsel, for plaintiffs.

Tell, Cheser & Breitbart, New York City, by Franklin D. Tell, of counsel, for defendant.

OPINION

SWEET, District Judge.

Plaintiffs Herman and Masha Wagschal (the "Wagschals") have moved *in limine* for an order prohibiting Defendant The Sea Insurance Company, Limited ("Sea") from using certain evidence at trial in this matter. For the reasons set forth below, this motion is granted in part and denied in part.

*Parties*

The Wagschals are residents and domiciliaries of the State of New York. Sea is a foreign corporation authorized to engage in the business of insurance in the State of New York.

*Facts*

In 1986, the Wagschals purchased a residence in Monsey, New York (the "Residence"). The Residence suffered a fire on July 9, 1990, at which time the Plaintiffs had an insurance policy with Sea. A second fire on July 20, 1990 (together with the July 9

fire, the "1990 Fires") completely destroyed the Residence.

On June 6, 1991, Sea declined the Plaintiffs' insurance claims on the grounds that the 1990 Fires were incendiary and caused by the insureds or at their behalf, that the insureds intentionally concealed and misrepresented material facts during the course of Sea's investigation regarding the circumstances surrounding the Fires, that the Wagschals fraudulently submitted sworn statements in proof of loss by grossly exaggerating the nature and extent of the damages, and that during the course of their examination under oath, the Wagschals concealed and misrepresented material facts regarding the circumstances of the Fires and their damages.

Sea has indicated that it intends to introduce evidence at trial relating to a prior claim submitted by the Kingdom Development Corporation ("Kingdom") to the New York Property Insurance Underwriting Association ("New York Property") as a result of a fire in July, 1986 (the "1986 Fire"). Mr. Wagschal and Moshe Malik[1] were principals of Kingdom, which owned a property known as the White House Estates in Spring Valley, New York. Shortly after Kingdom purchased White House Estates, a hotel on the property was substantially destroyed by fire. Litigation over insurance coverage of the Kingdom loss ensued, in which there was a claim for more than $700,000 in damages. This litigation was settled by the payment of $50,000 by New York Property, and Sea has indicated that it intends to introduce evidence of this settlement.

Sea has also indicated that it will attempt to introduce evidence relating to a fire occurring at Malik's residence in 1989 (the "1989 Fire"), a bank application and income verification form for a loan to Kingdom, applications for public assistance from 1984 to 1986 signed by the Wagschals, and certain bank statements of Mr. Wagschal.

**1.** The Plaintiffs' papers consistently refer to Moshe Malik, while the Defendant's papers refer to Moshe Malek.

### Prior Proceedings

The complaint in this action was filed on April 10, 1992. This motion was argued on June 22, 1994, and was considered fully submitted as of that date.

### Evidence Relating to the 1986 and 1989 Fires

The Wagschals seek to exclude all evidence or testimony making reference to the 1986 and 1989 Fires. Rule 404(b), Fed.R.Evid., provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

The defendants seek to introduce evidence which, they claim, will show that the 1986 and 1989 Fires were incendiary and were started in a manner similar to the start of the 1990 Fires. Several courts have found that such evidence is admissible under Rule 404(b) to show motive and intent. See Glados, Inc. v. Reliance Ins. Co., 888 F.2d 1309, 1312 (11th Cir.1987) (evidence of prior fires admissible to show that third party had motive and plan to set fires), cert. denied, 497 U.S. 1025, 110 S.Ct. 3273, 111 L.Ed.2d 783 (1990); Dial v. Travelers Indem. Co., 780 F.2d 520, 523 (5th Cir.1986) (evidence of subsequent fire relevant to issue of intent in case in which fire claim is met by defense of arson); Hammann v. Hartford Acc. & Indem. Co., 620 F.2d 588, 589 (6th Cir.1980) (evidence of prior fires properly admitted in insurance case on the issue of motive and intent); see also Terpstra v. Niagara Fire Ins. Co., 26 N.Y.2d 70, 308 N.Y.S.2d 378, 256 N.E.2d 536 (1970) (jury may consider prior fires as bearing upon motive that insured may have had to set fire at issue).

The cases cited by the Wagschals do not require that exclusion of evidence relating to the 1986 and 1989 Fires. In Warner v. Transamerica Ins. Co., 739 F.2d 1347 (8th

Cir.1984), the Eighth Circuit found that the district court had not abused its discretion when it excluded evidence of a prior fire when there was no evidence to suggest that the prior fire was of incendiary origin, or that the plaintiff had anything to do with the prior fire. In addition, since the plaintiff had not submitted a proof of loss claim for the first fire by the time the second fire occurred, proof of the first fire was not relevant to the issue of familiarity with insurance company procedure.

In *Eng v. Scully*, 146 F.R.D. 74 (S.D.N.Y. 1993), this Court excluded evidence of a prisoner's disciplinary records while incarcerated, his criminal record, and evidence of his prior litigations for reasons having no relevance to this motion. In *Garcia v. Aetna Cas. & Sur. Co.*, 657 F.2d 652 (5th Cir.1981), the Fifth Circuit merely sent the matter back to the district court for retrial to determine as a predicate to admission of the evidence of prior fires that the evidence was relevant to an issue other than character.

In *Smith v. State Farm Fire & Cas. Co.*, 633 F.2d 401 (5th Cir.1980), the district court did not admit evidence of prior fires because it did not find them sufficiently similar in their circumstances nor near enough in time to the fire under consideration, and the Fifth Circuit noted that it was not reaching the question of whether it would have been error to admit the evidence. *Outley v. City of New York*, 837 F.2d 587 (2d Cir.1988) concerned whether evidence of prior claims could be brought to show a plaintiff's litigiousness, and *Hemphill v. Washington Metro Area Transit Auth.*, 982 F.2d 572 (D.C.Cir.1993) involved the permissibility of a "claims-minded plaintiff" charge.

█ Pursuant to Rule 403, Fed.R.Evid., otherwise admissible evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. As this Court has noted, "[i]t is difficult for the court to weigh the probative prejudicial balance before the commencement of a trial." *East Coast Novelty Co. v. City of New York*, 842 F.Supp. 117, 119 (S.D.N.Y.1994). This motion *in limine* is therefore denied at this time with respect to evidence relating to the 1986 and 1989 Fires, with leave to renew the motion at such time as the precise use of the evidence and any prejudice resulting therefrom is made clear.

### Evidence Relating to Credibility

█ Sea also seeks to introduce into evidence a loan application for Kingdom; the Plaintiffs' bank statements for 1984 through 1986, and Plaintiffs' applications for public assistance dated July 1984 through January 1986. Sea claims that this evidence is relevant to the issue of the Wagschal's credibility, and to the issue of their financial wherewithal, and thus to their motive to commit arson and insurance fraud.

Rule 611(b), Fed.R.Evid., provides that cross examination can extend to "matters affecting the credibility of the witness." Rule 608(b), Fed.R.Evid., provides that:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of a crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness....

*See also United States v. Sperling*, 726 F.2d 69 (2d Cir.), *cert. denied*, 467 U.S. 1243, 104 S.Ct. 3516, 82 L.Ed.2d 824 (1984) (proper under Rule 608(b) to cross-examine defendant regarding false credit card applications to show a general lack of credibility).

In *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 462 (S.D.N.Y.1988), this Court noted that:

> Rule 608(b)'s bar on extrinsic evidence relating to credibility is not absolute: where the prior acts are not denied by the witness, evidence relating to them may be introduced. *See United States v. Zandi*, 769 F.2d 229, 236 (4th Cir.1985); *Carter v. Hewitt*, 617 F.2d 961, 970 (3d Cir.1980). Therefore, until it is known how the potential witnesses might testify regarding the prior acts, no determination can be made regarding admissibility of related extrinsic evidence.

Additionally, this evidence may be relevant to the issue of the Wagschal's financial condition and thus their motive to cause the fires to be set in order to obtain insurance proceeds, and could be admissible on these grounds. *See Elgi Holding, Inc. v. Insurance Co.*, 511 F.2d 957, 959 (2d Cir.1975) (evidence on insured's financial status admissible to show motive). The Plaintiffs' motion to exclude this evidence is therefore denied, with leave granted to renew the motion at a later time if appropriate.

### Evidence Relating to the Kingdom Settlement

■ Sea seeks to offer into evidence that fact that Kingdom Development case against New York Property was settled for the sum of $50,000 against a claim for more than $700,000. Rule 408, Fed.R.Evid., states that:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise the claim which was disputed as to either validity or amount is not admissible to prove liability for invalidity of the claim or its amount.

The Advisory Committee notes to Rule 408 state that this rule applies to completed compromises when offered against a party thereto. The admission of evidence relating to the Kingdom Development case settlement would be contrary to Rule 408, and the Plaintiffs' motion *in limine* to exclude such evidence is granted. *See Playboy Enterprises, Inc. v. Chuckleberry Pub., Inc.*, 687 F.2d 563, 569 (2d Cir.1982).

### Conclusion

For the reasons stated above, the Wagschal's motion *in limine* is granted in part and denied in part.

It is so ordered.