TORPY, J.
Appellant challenges the trial court’s order terminating his parental rights as to R.G., Jr. The sole issue on appeal is whether the trial court erred in denying Appellant’s Motion in Limine, which sought to exclude the contents of a confession made by him to police wherein he acknowledged that he had sexually abused R.G., Jr. Appellant urges error based on three grounds, each of which we conclude to be without merit.
First, Appellant argues that his confession was obtained in violation of the Fifth Amendment to the United States Constitution because he was not warned by police of his right to remain silent and right to counsel in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Even assuming a violation of Miranda, however, we agree with Appellee that Miranda and its progeny do not apply to exclude confessions offered as evidence in civil proceedings of this nature. As stated by Professor LaFave in his treatise on criminal procedure:
Because Miranda -is grounded in the Fifth Amendment privilege against self-incrimination, this presents a question of exactly what constitutes incrimination within the meaning of the Amendment. As a general matter, this constitutional provision itself supplies the answer, for it declares that no person “shall be compelled in any criminal ease to be a witness against himself.” This most certainly means, as occurred in Miranda, that an improperly obtained confession is subject to suppression when offered in a criminal trial as evidence of defendant’s guilt of the crime charged.
Wayne R. LaFave, et al., Criminal Procedure § 6.10(e), at 625-26 (2d ed.1999). Accord, In re Pittman, 149 N.C.App. 756, 561 S.E.2d 560, 564 (2002) (Miranda inapplicable because juvenile abuse and neglect proceeding is civil in nature); In re J.Y., 2000 PA Super 169, 754 A.2d 5 (2000) (Miranda protections do not extend to juvenile dependency proceedings). See also, News-Journal Corp. v. Carson, 741 So.2d 572, 575 (Fla. 5th DCA 1999) (in civil rather than criminal proceeding, Fifth and Sixth Amendment due process principles not involved).
Appellant’s second contention is that the trial court was required to exclude the confession under the doctrine of res judicata because the criminal trial judge had suppressed the confession, having found that the confession was given involuntarily. We disagree. The requisite four “identities” to implicate the doctrine of res judicata are lacking here. Therefore, the doctrine does not apply. See Gold v. Bankier, 840 So.2d 395 (Fla. 4th DCA 2003).
Appellant’s final contention is that the trial court erred in relying upon his confession because it was not given voluntarily. In a criminal proceeding, the question of whether a confession is involuntary requires the trial judge to make a threshold determination of whether the confession may be considered by the trier of fact. This is true because of the constitutional protections afforded to citizens *619 charged with crimes. In re Simpson, 126 Misc.2d 162, 481 N.Y.S.2d 293, 296 (N.Y.Fam.Ct.l984)(“The constitutional law of confessions mandates procedures that ‘insure a reliable and clear-cut determination of the voluntariness of the confession’ by ‘the trial judge, another judge, or another jury, but not the convicting jury,’ [Jackson v. Denno,] 378 U.S. [368] at 391 n. 19, 84 S.Ct. at 1788, 12 L.Ed.2d 908”). In a civil proceeding, however, once the authenticity and relevance of the confession are established, the confession is admissible. Thereafter, the burden falls upon the party who confessed to demonstrate that the confession is unreliable because it was involuntary. The ultimate resolution of this issue is one of fact for the trier of fact. As observed by Professor Chadbourn:
Since admissions are never conclusive, but may always be explained away and discredited by their maker as due to his inadvertence or mistake, ... there is no necessity for an exclusionary rule based on the theory of duress. All analogies suggest that the party’s admission be received, subject to his proof of the threats or other circumstances of duress which may have extorted it. It would follow, then, that in a civil case the admissions of an opponent, when offered, are not to be tested or excluded by any rules of confession applicable to the. accused in a criminal case.
3 John H. Wigmore, Evidence in Trials at Common Law §815 (Chadbourn rev. 1970). Accord, Terpstra v. Niagara Fire Ins. Co., 26 N.Y.2d 70, 308 N.Y.S.2d 378, 256 N.E.2d 536 (N.Y.1970) (question of whether confession was involuntary is for jury in civil case; burden is on the party who made confession).
Here, the trial judge viewed the videotaped confession and concluded that Appellant’s statements were voluntarily given. No other evidence was offered on this issue. We conclude' that the trial court’s finding is supported by substantial competent evidence and should not be disturbed.
AFFIRMED.
SHARP, W., and MONACO, JJ., concur.