Joseph ESPOSITO, Plaintiff,

v.

Joseph BUONOME and Louis Pasquariello, Individually and in Their Official Capacities as Officers in the Police Department of the Town of East Haven, Connecticut, Defendants.

Civ. A. No. N–82–93 (TJM).

United States District Court, D. Connecticut.

Aug. 8, 1986.

---

John R. Williams, Williams & Wise, New Haven, Conn., for plaintiff.

Hugh F. Keefe, Lynch, Fraub, Keefe & Snow, New Haven, Conn., for defendants.

## MEMORANDUM OF DECISION

MESKILL, Circuit Judge, Sitting by Designation.

During the selection of the jury and following the defendants' exercise of two of their three peremptory challenges to exclude the only two black members of the twelve person venire panel, plaintiff's counsel moved to strike defendants' challenges claiming that they were exercised in a racially discriminating manner in violation of the law, citing *Batson v. Kentucky*, —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The motion was denied but briefs were ordered and submitted.

■ After considering the arguments made in the briefs, I reach the following conclusion. Plaintiff relies on the Second Circuit decision in *McCray v. Abrams*, 750 F.2d 1113 (2d Cir.1984), *vacated,* —— U.S. ——, 106 S.Ct. 3289, 92 L.Ed.2d 705 (1986), for the proposition that the use of peremptories for purposes of racial exclusion violates a defendant's due process rights. *McCray* was a criminal case. Furthermore, the Supreme Court has vacated the decision in *McCray* and remanded for reconsideration in light of *Batson. Id.* In *Batson* the complaining party was also a criminal defendant. I am not persuaded by plaintiff's argument that *Batson* is equally applicable to this civil case. Special concern for the plight of the accused criminal was clearly a factor in the *Batson* decision. *See, e.g.,* 106 S.Ct. at 1716 ("The petit jury has occupied a central position in our system of justice by safeguarding a person accused of crime against the arbitrary exercise of power by prosecutor or judge.").

Another important distinguishing factor is that the complaining party in *Batson* was a criminal *defendant,* presumably haled into court against his will. Here, the complaining party is a civil *plaintiff* who has chosen of his own free will to initiate judicial process. For these two reasons alone, I conclude that *Batson* is not controlling here. Plaintiff cites *Thiel v. Southern Pacific Co.,* 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181 (1946), for the proposition that the requirement of impartial juries in civil cases, as well as in criminal cases, is grounded in the Constitution. But the claim here is not that the jury chosen after the peremptory challenges would not be impartial, only that blacks should not have been excluded.

■ Assuming *arguendo* that *Batson* would control in a civil case where the complaining party is a plaintiff, plaintiff has failed to establish a *prima facie* case of purposeful discrimination in the selection of the petit jury. Plaintiff has failed to show that he is a member of a cognizable racial group, *Castaneda v. Partida,* 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977), and that the defendants have exercised peremptory challenges to remove from the venire members of that particular racial group. *Batson v. Kentucky,* 106 S.Ct. at 1722. Plaintiff does not even claim that he is black. Therefore, even if *Batson* were controlling, the burden would not shift to the defendants to come forward with a neutral explanation for challenging black jurors.

Finally, plaintiff's statutory argument is unavailing. The same Congress that enacted 28 U.S.C. §§ 1861 and 1862 (1982), the statutes upon which plaintiff relies, also enacted 28 U.S.C. § 1866. Jury Selection and Service Act of 1968, Pub.L. No. 90–274, § 101, 82 Stat. 53, 54, 58–59 (1968). Sec-

tion 1866 specifically permits the exclusion of jurors "upon peremptory challenge as provided by law." 28 U.S.C. § 1866(c)(3).

The court reaffirms its decision of July 14, 1986 denying plaintiff's motion to strike defendants' peremptory challenges.

So ordered.