■ ERNEST F. BAGINSKI, Individually and as Administrator of

the Estate of FRANK BAGINSKI, Also Known as FRANK ALD-RICH, Deceased, et al., Respondents, v NEW YORK TELEPHONE COMPANY, Appellant.—Judgments, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 9 and June 12, 1986, against defendant New York Telephone Company and in favor of plaintiffs Annette Breindel and Ernest Baginski, respectively, awarding damages upon a jury's verdict, reversed, on the law, without costs, and the matter remanded for a new trial.

This case arises out of a collision which occurred in the early morning hours of New Year's Day 1984 between a stolen van belonging to defendant-appellant, New York Telephone Company, and a small Honda automobile driven by plaintiff-respondent Annette Breindel. The van was traveling at 35 to 40 miles per hour the wrong way on Charles Street in Greenwich Village when it crashed into the passenger's side of the Honda. The passenger, Frank Baginski, who was not wearing his seat belt, was partially ejected from the car and killed when it flipped over and landed on his head. The driver of the stolen van fled the scene and was never apprehended.

Respondent Breindel instituted this action to recover for her personal injuries resulting from appellant's alleged negligence in leaving its van unattended on a public street in violation of Vehicle and Traffic Law § 1210. Plaintiff-respondent Ernest Baginski, father of the deceased passenger and administrator of his son's estate, also sued to recover damages for the deceased's pain and suffering and for his wrongful death pursuant to EPTL 5-4.1. In its answer and at trial, appellant raised the issue of the passenger's failure to wear a seat belt which might have prevented the injuries sustained, and the driver's contributory negligence based on indications in her hospital record that she was under the influence of alcohol when the accident occurred. These defenses were dismissed by the court, together with respondent Baginski's derivative claim for pain and suffering, at the close of the case. The jury found appellant negligent and awarded damages of $950,000 to respondent Breindel and damages of $210,000 to respondent Baginski.

Appellant maintains that the judgment against it should be reversed and the matter remanded for a new trial because the court below made four substantial errors: in failing to properly instruct the jury on the meaning of Vehicle and Traffic Law § 1210; in dismissing appellant's contributory negligence claim against respondent Breindel and its seat belt defense against respondent Baginski; and in refusing appellant's re-

quest pursuant to CPLR 4107 for judicial supervision of the voir dire. The first three of these claims we find are without merit.

According to the testimony of appellant's employee John O'Reilly, the driver of the van, the vehicle was stolen when he pulled it over to check on a noise that seemed to be coming from the right rear wheel. O'Reilly exited the van, leaving the keys in the ignition and the motor running, then walked around the front of the van and checked the two front wheels before walking along the right side to the rear of the van. His hand was on the van as he bent down to look at the rear wheel. Suddenly, he heard the driver's door slam. He ran around to the front where he saw a man in the driver's seat. As the man drove away in appellant's van, O'Reilly jumped to one side to avoid being hit.

Appellant now contends that it was error for the court to submit the issue of whether defendant violated Vehicle and Traffic Law § 1210 (a) to the jury because O'Reilly's undisputed testimony establishes that he never left the immediate vicinity of the van. The jury, however, was free to accept all or some or none of the witness's testimony as to the circumstances of the theft. "The credibility of the witnesses, the truthfulness and accuracy of the testimony, whether contradicted or not," are issues for the triers of fact *(Sorokin v Food Fair Stores,* 51 AD2d 592, 593) and their determination will not be disturbed on appeal unless there is no rational interpretation of the evidence which will support it. The facts herein are virtually indistinguishable from those presented in *Brennan v City of New York* (108 AD2d 834 [2d Dept 1985]). There, the court found that the plaintiff had established, prima facie, that a sanitation truck was left unattended within the meaning of the statute given testimony that the driver had left the cab with the keys in the ignition and the motor running to inspect a mechanical problem at the rear of the truck. It was, therefore, a question of fact for the jury whether the statute had been violated *(supra,* at 836, citing *Guaspari v Gorsky,* 36 AD2d 225, 227-228 [4th Dept 1971], *appeal dismissed* 29 NY2d 891 [1972]).

Nor do we find any error in the court's instruction to the jury on the application of the statute to this case. The word "unattended" is not a statutorily defined term nor is it a term of art requiring special elaboration. *(See, Kass v Schneiderman,* 21 Misc 2d 518, 527-528; *cf., Spells v Foley,* 84 AD2d 786 [2d Dept 1981] [failure to define specific statutory criteria for "serious injury" was reversible error]; *People v Shifrin,* 206

Misc 813, 816-817 [failure to instruct jury on whether statutory term "farmers' markets" was intended to include only outlets selling fresh farm produce].)

We also find that the court below properly dismissed appellant's claim of contributory negligence arising from respondent Breindel's alleged intoxication. Although contributory negligence is "almost always" a question of fact for the jury, the court may decide the issue, as a matter of law, if no "valid line of reasoning" or "permissible inferences" can be drawn from the evidence at trial which could rationally lead to the conclusion of negligence (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 516, 517 [1980]). The record herein, at most, establishes some consumption of alcohol by respondent Breindel, which is not proof of intoxication (*Coleman v New York City Tr. Auth.*, 37 NY2d 137, 144-145). Given the absence of any testimony that her driving skills were impaired, there was no evidence from which the jury might reasonably conclude that respondent was contributorily negligent.

The court's decision to dismiss the seat belt defense raised by appellant in mitigation of damages was also correct, inasmuch as the court had dismissed respondent Baginski's claim for pain and suffering and the only remaining claim was one for pecuniary damages to respondent from his son's wrongful death. Failure to use a seat belt is available as an affirmative defense in mitigation of damages only (Vehicle and Traffic Law § 1299-c [8]). The party pleading such defense bears the burden of proof. Appellant, however, submitted no evidence to establish that the use of seat belts would have resulted in nonfatal injuries to Frank Baginski. Respondent's expert witness in accident reconstruction testified to the ineffectiveness of seat belts in protecting the human body against lateral impacts. While a seat belt might have prevented the head injury, it would not have prevented Baginski's other internal injuries caused by the lateral impact. He concluded that it was unlikely Mr. Baginski would have survived this collision "whether or not he was wearing a seat belt." Appellant's medical expert only said that Mr. Baginski "would not have sustained the injuries he did" had he worn a seat belt, but he gave no opinion as to the likelihood of the victim's survival. Nor did he opine as to whether the victim could have survived the internal injuries to his lung, liver and pelvis had he not also suffered the head injury.

Finally, appellant contends that reversal is warranted because the court below rejected its application pursuant to CPLR 4107 to have a Judge present during the examination of

the veniremen. When the application was made, counsel for the parties had already excused two panels of prospective jurors because of prejudicial comments made during the voir dire. In the course of questioning the third panel, counsel for appellant complained to the court about comments and interruptions from opposing counsel which were designed "to use the voir dire as an opportunity to brain wash the jury". The court rejected counsel's request to state his objections on the record at that time as well as the request for judicial supervision of the voir dire.

The language of CPLR 4107 is mandatory: on application of a party "a judge shall be present at the examination of the jurors." If the Judge to whom the application is made cannot attend, it is incumbent upon her to insure that the moving party's statutory right is not frustrated by arranging for another Judge to be present. We reject respondent's assertion that appellant should be required to show prejudice arising from the court's rejection of its application. Such a requirement would be onerous given that no record of the voir dire proceedings was made. The statute confers an unconditional right on the moving party to have a Judge present to insure that a fair and impartial jury is chosen. We find that the court's failure to implement the provisions of CPLR 4107 is reversible error and a new trial is therefore warranted. Concur—Sandler, J. P., Sullivan, Ross, Milonas and Rosenberger, JJ.