**Bruce WILSON d/b/a The Rink II, Appellant,**

v.

**Ken CROSS, Eddie Hightower, Donnie Smith, Jim Tanner, Robert McClaim, Bobby Foiles, and David Burns, Appellees.**

No. 87–1607.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1988.

Decided April 20, 1988.

Christopher O. Parker, Little Rock, Ark., for appellant.

Francis D. Crumper, Jr., N. Little Rock, Ark., for appellees.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HARPER,* Senior District Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Bruce Wilson appeals from a final order entered by the district court[1] on a jury verdict in favor of the defendants in this 42 U.S.C. § 1983 case. We affirm.

## I. BACKGROUND

This is the second time this case has been before a panel of this court. Our previous opinion contains a full statement of the facts leading up to this litigation. *Wilson v. City of North Little Rock*, 801 F.2d 316 (8th Cir.1986). To summarize briefly, this case resulted from a roadblock conducted by the North Little Rock Police Department outside a skating rink owned by Wilson.

For several years Wilson conducted a Wednesday night promotion called "soul night" at The Rink II in an effort to attract black customers. On August 4, 1982 the defendants, all officers of the North Little Rock Police Department, conducted a vehicle safety check just outside The Rink II. Wilson alleged that as a result of the roadblock he began losing black customers. Eventually "soul night" was terminated and The Rink II was closed on Wednesdays.

Wilson filed suit against the City of North Little Rock and the police officers involved in the roadblock alleging state law and federal constitutional violations. Specifically, Wilson alleged that the roadblock was conducted illegally in an attempt to end "soul night" and therefore constituted an unconstitutional taking of his property.

The first trial in this case resulted in directed verdicts in favor of all defendants on the § 1983 claims. On appeal this court affirmed in part, reversed in part, and remanded for retrial of the § 1983 claims against the individual defendants (appellees herein). The retrial resulted in a jury verdict in favor of the defendants. At issue in the present appeal are defense counsel's use of peremptory strikes to exclude blacks from the jury and a jury instruction on the elements of Wilson's constitutional claim.

## II. DISCUSSION

■ Wilson argues that he was denied equal protection when the only two blacks in the jury pool were struck by defense counsel. Wilson bases his argument on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), wherein the Supreme Court held that in criminal trials peremptory strikes can not be used for racial reasons. Whether *Batson* applies to civil trials is a question of first impression in this circuit.[2] While we have strong doubts about whether *Batson* was intended to limit the use of peremptory strikes in

---

* The Honorable Roy W. Harper, United States Senior District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Garnett Thomas Eisele, United States Chief District Judge for the Eastern District of Arkansas.

2. The parties cite and our own research has revealed only two federal court cases addressing

this issue. In *Clark v. City of Bridgeport*, 645 F.Supp. 890 (D.Conn.1986), the court held that *Batson* applies to civil trials where there has been state action. In dicta the opposite result was reached by another judge in the same district. *Esposito v. Buonome*, 642 F.Supp. 760 (D.Conn.1986) (*Batson* inapplicable in civil trials, but assuming it applies prima facie case was not established).

civil cases, the facts in the present case allow us to leave this difficult question for another day. An essential element of a claim for relief under *Batson* is that peremptory challenges have been used to remove from the venire members of the complaining party's race. *Batson*, 476 U.S. at 96, 106 S.Ct. at 1722–23. Wilson is white. The potential jurors are black. Assuming *Batson* applies, no prima facie case has been established.

■ Wilson's second argument on appeal involves the following jury instruction:

Now the plaintiff has alleged that he was deprived of his property by means motivated by discriminatory racial considerations. In order to prevail against any particular defendant, plaintiff must prove each of the following by a preponderance of the evidence:

1. That the race of plaintiff's customers was a substantial factor in motivating that defendant's conduct in connection with the road block or vehicle safety check;

2. That the defendant acted deliberately and purposefully, and with the intent to deprive plaintiff's customers of their constitutional right not to be singled out for discrimination on account of their race, or to deprive plaintiff of his constitutional right to serve black customers; and

3. That such acts of that defendant proximately caused damage or loss to the plaintiff's business.

Wilson argues that this instruction was erroneous because it required the jury to find an individualized intent to discriminate against his black customers on the part of a defendant before the defendant could be found liable. The police officers' individualized motives are irrelevant, argues Wilson. As long as an officer knew or should have known that the roadblock was motivated by racial considerations he should be found liable. Wilson concedes that the roadblock had to be racially motivated before it would be illegal, but argues that his claim is based on the deprivation he suffered, not the equal protection violation suffered by his customers.

■ Granted, Wilson is not seeking redress for violations suffered by his customers, but as he concedes, he must prove that their rights were violated before he can recover. This he can not do without proof of individualized intent. It is now axiomatic that vicarious liability has no place in § 1983 lawsuits. Only the person who caused the deprivation can be held liable. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 818, 105 S.Ct. 2427, 2433–34, 85 L.Ed. 2d 791 (1985). Further, the constitutional tortfeasor must have acted intentionally because negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986).

We find no merit to Wilson's arguments regarding the instruction. Individualized motives are critical, not irrelevant. Wilson's "knew or should have known" approach amounts to nothing more than a negligence standard. The instruction was a correct statement of the law.

### III. CONCLUSION

For the reasons stated above the judgment of the district court is affirmed.