■ CHARLES T. GUARNIER, Respondent, v AMERICAN DREDGING CO., Appellant.—Judgment of the Supreme Court, New York County (Ira Gammerman, J.), entered May 22, 1987, awarding damages in favor of plaintiff, upon a jury's verdict, is unanimously reversed, on the law, without costs or disbursements, and the matter remanded for a new trial.

Two separate jury trials were held in this action. At the first trial, the jury decided the issue of liability and damages. Although there was a series of objections by defendant to the conduct of plaintiff's counsel during the jury selection, the trial court denied defendant's application to continue jury selection in the presence of the court. The court later assigned a law assistant to supervise the voir dire and still later presided itself at the selection. Nevertheless, defendant's right to have a "judge" present at the examination of the jurors

(CPLR 4107) was violated. As we noted in *Baginski v New York Tel. Co.* (130 AD2d 362, 366): "The language of CPLR 4107 is mandatory: on application of a party 'a judge shall be present at the examination of the jurors.' If the Judge to whom the application is made cannot attend, it is incumbent upon her to insure that the moving party's statutory right is not frustrated by arranging for another Judge to be present. We reject respondent's assertion that appellant should be required to show prejudice arising from the court's rejection of its application. Such a requirement would be onerous given that no record of the voir dire proceedings was made. The statute confers an unconditional right on the moving party to have a Judge present to insure that a fair and impartial jury is chosen. We find that the court's failure to implement the provisions of CPLR 4107 is reversible error and a new trial is therefore warranted."

Further, during the second trial, which raised the issue of jurisdiction, the court advised the jury that the plaintiff already had obtained a favorable verdict from another jury with respect to liability and damages. Such disclosure by the court of the prior verdict, timely objected to by defendant, was irrelevant to the issue of jurisdiction and improperly prejudiced defendant at this second trial. Accordingly, we remand for retrial of both liability and jurisdiction. Concur—Sullivan, Ross, Asch and Wallach, JJ.

Kupferman, J. P., concurs in a memorandum as follows: I concur for a new trial on the basis that disclosure of the prior verdict was prejudicial. While CPLR 4107 may mandate a Judge's presence, it does not in its language require such presence forthwith and at every stage of jury selection. Here the Judge was present sufficiently. To mandate otherwise is to limit a Judge's ability to function with a heavy calendar while serving no real purpose in the matter at hand.