Agnes BERGEN, et al.,
Plaintiffs–Appellees,

v.

F/V ST. PATRICK, et al.,
Defendants–Appellants.

No. 86-3900.

United States Court of Appeals,
Ninth Circuit.

Feb. 2, 1989.

Before GOODWIN, SCHROEDER and FARRIS, Circuit Judges.

ORDER

The appellee's petition for rehearing of this case asked in part that we reconsider our reversal of the award of damages for parental loss of services. We stated in our opinion filed May 7, 1987 that there was no evidence in the record to support that award for any of the appellees other than the Stigalls. *Bergen v. F/V/St. Patrick*, 816 F.2d 1345, 1350 (9th Cir.1987). We said:

> While there is evidence from which the court could have made findings regarding parental dependency of the Stigalls, no evidence was introduced from which the trial court could find that any of the other parents were dependent on their deceased children or expected to receive significant services from them. We must therefore hold that the other findings of dependency and services are clearly erroneous.

816 F.2d 1345, 1350 (9th Cir.1987). On rehearing, the appellees maintained, however, that certain deposition evidence had been considered by the district court and provided support for the findings of dependency and services with respect to the parents other than the Stigalls. Appellant disputed appellees' contention that the district court considered such depositions.

The record on appeal indicated that the district court may have considered deposition evidence in support of the claims, but was not clear on the point. We therefore granted a limited remand of the case in order to permit the district court to amplify its findings with regard to dependency and services.

The district court has now done so, and on the basis of the district court's supplemental findings and the supplemental memoranda submitted by the parties, we conclude that the district court did consider the deposition testimony as evidence sup-

porting its findings. The appellants' contentions in this appeal that the district court did not consider any such evidence are therefore incorrect.

Accordingly, we grant the appellee's petition for rehearing in part and modify our original disposition. The award of damages for parental loss of support and services entered on behalf of each appellee is hereby affirmed.

The petition for rehearing is in all other respects denied.

The full court has been advised of the suggestion for rehearing en banc and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35.

Except as provided in this order, the petition for rehearing is denied and the suggestion for rehearing en banc is rejected.