869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christine BOYKIN, Plaintiff-Appellant,
v.
HAMILTON COUNTY BOARD OF EDUCATION, et al., Defendants-Appellees.
 No. 87-4025.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1989.
 
 Before MERRITT and RALPH B. GUY, Jr., Circuit Judges, and EDWARD H. JOHNSTONE, Chief District Judge.*
 PER CURIAM.
 
 
 1
 In this Title VII and Section 1983 action, plaintiff-appellant Christine Boykin appeals from the findings of fact and conclusions of law of the judge and the verdict of the jury below. Because we find no fault with the conduct of the trial, we AFFIRM.
 
 I.
 
 2
 Appellant Christine Boykin is a learning disabilities teacher at Taylor High School in Hamilton, Ohio. She is black. Boykin sued the school district and her supervisors for illegally discriminating against her because of her race. She alleged that among the discriminatory acts were granting her only a one-year contract instead of the customary three-year contract, placing critical evaluations of her performance in her file, requiring her to move to a smaller classroom, and reducing her pay on two occasions when she claims to have followed the proper procedure for initiating sick leave.
 
 
 3
 Boykin's principal disagreements arose with her immediate supervisor, Kathie Kissel. Boykin claims that Kissel treated her unfairly by writing critical evaluations and by proposing Boykin exchange rooms with another teacher. Boykin alleges Kissel did so for reasons related to Boykin's race. Kissel answers that her evaluations correctly document Boykin's refusal to use proper teaching methods or accept constructive criticism. Boykin submits the critical evaluations led to the school board's granting her only a one-year probationary contract, instead of the three-year contract a teacher of her experience would normally receive.
 
 
 4
 Boykin sued the Hamilton County Board of Education, Kathie Kissel, her supervisor, Jack Collopy, the director of the special education department of the Hamilton County School system, and Dr. Ralph Sinks, the superintendent of Hamilton County Schools, under Title VII, 42 U.S.C. Sec. 2000e et seq. (1978), 42 U.S.C. Sec. 1983 (1986), and related state law.
 
 
 5
 At the close of Boykin's case, the trial judge granted a directed verdict for Dr. Sinks on all counts and for all appellees on the state law claims. The jury returned a verdict for the appellees on October 15, 1987, and the judge issued Findings of Fact, Conclusions of Law, and Judgment for the appellees on the Title VII claims on October 19, 1987.
 
 
 6
 The issues Boykin raises for appeal are: (1) whether appellees should have been allowed to strike all three black members of the jury pool; (2) whether the trial judge should have awarded Boykin sanctions against the appellees for erasing an answering machine tape with possible evidentiary value; (3) whether the trial judge erred in not giving her jury charges, and (4) whether the trial judge erred in allowing character witnesses to testify for the appellees and in limiting the testimony of one of Boykin's witnesses.
 
 II.
 
 7
 In jury selection, appellees used four preemptory strikes to remove all three black members of the panel and a white alternate. After the appellees struck the black members of the panel, Boykin objected to the remaining jurors, charging that appellees had used their strikes in a racially discriminatory manner, in violation of the rule set out in Batson v. Kentucky, 476 U.S. 79 (1986). The magistrate impaneling the jury was unsure of the procedure to be followed upon such an objection, and left the matter to be resolved by the trial judge.[1]
 
 
 8
 Under the trial judge's questioning, the appellees stated they struck the black jurors because they wanted a jury composed of older jurors with management experience.[2] The trial judge accepted the appellees' reasons and denied Boykin's motion to excuse the jury.
 
 
 9
 In Batson, the Supreme Court extended the doctrine of Swain v. Alabama, 380 U.S. 202 (1965), which held that a prosecutor's use of preemptory strikes in a discriminatory manner violated the defendant's rights under the Equal Protection Clause, by easing the evidentiary requirements to show discrimination. As applied, Swain required the defendant to show a pattern of discrimination over the course of many trials. Id. at 226. The Batson court held that when a defendant makes a prima facie showing of discrimination, the prosecutor must come forward with a legitimate, non-discriminatory reason for her actions. Batson v. Kentucky, 476 U.S. at 96.
 
 
 10
 Judge Rubin conducted the hearing Batson requires properly: After Boykin made a prima facie showing that the strikes were improper, he required the appellees to come forward with a legitimate non-discriminatory reason for the strikes. The appellees presented youth and lack of management experience as its reasons, and the judge accepted their explanation. We cannot say that his ruling was clearly erroneous. Batson v. Kentucky, 476 U.S. at 97; Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985). Since the trial judge accepted Boykin's contention that Batson applied and the parties stipulated at oral argument that it did apply to this case, we need consider no further whether as a general principle Batson applies to all civil cases. Cf. Edmonson v. Leesville Concrete Co., Inc., 860 F.2d 1308, 1314 (5th Cir.1988) and Clark v. City of Bridgeport, 645 F.Supp. 890, 896 (D.Conn.1986) with Wilson v. Cross, 845 F.2d 163, 164 (8th Cir.1988) and Esposito v. Bronson, 642 F.Supp. 760, 761 (D.Conn.1986).
 
 III.
 
 11
 Boykin challenges several of the court's jury instructions. For many of the instructions she tendered, the court gave a substantially similar instruction. The only objection that merits discussion concerns Boykin's proposed instruction No. 28, which informed the jury that she was protected for
 
 
 12
 filing of formal charges with the Equal Employment Opportunity Commission and/or with the Ohio Civil Rights Commission, and because she opposed unlawful employment practices, such as inquiring into employment practices in order to examine the possibility of discrimination as well as active protest against alleged unlawful discrimination with respect to terms and conditions of employment. Even an oral accusation of race is misprotected [sic].
 
 The trial court instruction stated:
 
 13
 In order to prove her claim of retaliation, the plaintiff must prove by a preponderance of the evidence that first: she initiated an action seeking relief from conduct that was allegedly discriminatory; and second, that one or more of the defendants retaliated against her because she brought those charges, and third, that the fact that she filed these charges was a likely reason for any adverse conduct by the defendants.
 
 
 14
 Jury instructions must, as a whole, give the jury an accurate impression of the law. Blackwell v. Sun Electric Corp., 696 F.2d 1176, 1181 (1983). A party "cannot complain about the specific wording of the instructions if they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its determination." Id. See also Hasiah v. Walton, 676 F.2d 208, 212 (6th Cir.1982); Laugesen v. Anaconda Co., 510 F.2d 307, 315 (6th Cir.), cert. denied, 422 U.S. 1045 (1975). We find that this instruction conveyed to the jury that the retaliation for her protests to her supervisors was protected by federal law.[3]
 
 IV.
 
 15
 Boykin's final points of error take issue with evidentiary rulings by the court. She challenges the judge's decisions allowing appellees to present witnesses testifying to the defendant's lack of discriminatory intent. All those witnesses were black and testified that they knew one of the appellees and had always seen him or her act toward black people in a non-discriminatory manner. While character evidence is usually excluded from civil trials, evidence of other acts may be admitted under FED.R.EVID. 404(b) to prove intent, subject to the limitation of FED.R.EVID. 403 to exclude evidence if the danger of its undue prejudice would outweigh its relevance. Hamman v. Hartford Accident and Indemnity Co., 620 F.2d 588, 589 (6th Cir.1980); see also Huddleston v. United States, --- U.S. ----; United States v. Vincent, 681 F.2d 462 (6th Cir.1982). Whether the appellees possessed discriminatory intent was an issue in the trial and a proper subject for testimony. Davis v. Freela, 583 F.2d 337, 341. Nor do we find fault in the trial judge's limiting Boykin's examination of her witness on rebuttal. Evidentiary rulings such as these are well within the court's discretion. United States v. Reese, 568 F.2d 1246, 1252 (6th Cir.1977). We find no abuse of discretion here.
 
 
 16
 The trial judge's failure to assess sanctions against the appellees for failing to preserve an answering machine tape is also well within his discretion. Boykin alleges that she telephoned the answering machine at the school board office on the evening of November 25, 1986 to report that she was ill and would not be reporting for work, thereby giving notice as Board policy required. Appellees assert that they never received her call and assessed against her one day's pay. Appellees erased the tape in their ordinary course of business the next day. Boykin's discovery requests extended only to October 8, 1986, however, the date she served the requests. Further, Boykin had her own tape of the incident and was not in any way prejudiced by the erasure. Whether to assess sanctions is within the discretion of the trial judge, and we find no abuse of that discretion in this decision. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976).
 
 
 17
 In conclusion, we do not believe any of Boykin's points of error are well-founded. Accordingly, we AFFIRM.
 
 
 
 *
 The Honorable Edward H. Johnstone, Chief Judge of the United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 The magistrate stated:
 The case law has changed in recent years on pre-emptory challenge. It used to be the Court could not inquire into the basis for a pre-emptory challenge and then at least criminal cases, the Supreme Court has changed the law and prosecuting attorneys have been forced to divulge the reasons for excusing jurors because of race. Your objection is on the record. You may want to pursue it with Judge Rubin at the time of trial. The record shows that all three black jurors were excused.
 Joint Appendix, p. 194.
 
 
 [2]
 Appellees state that all the persons excused were aged in their twenties, and that none of them had management experience. The remaining jury had an average age of 47.5 years and had no members under thirty
 
 
 [3]
 On appeal, Boykin challenges the jury interrogatories, as well. She did not object to the interrogatories at trial, however, and has waived any objection. Bituminous Fire & Marine Insurance Co. v. Izzy Rosen's, Inc., 493 F.2d 257, 262 (6th Cir.1974)