This case presents the inevitable situation that has been anticipated since the holding of the Supreme Court of the United States in Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The fundamental principles ofBatson forbid the prosecutor in a state criminal action to exercise peremptory challenges to remove members of the defendant's race from the venire. Those principles command the same result in a civil action among private litigants. I write specially in this case because I feel that if we were to limit the holding of Batson to criminal cases, we would betray the fundamental principles enunciated in Batson.
Alvin Thomas, who is black, appeals from a jury verdict in favor of Diversified Contractors, Inc. (hereinafter "Diversified"). Diversified is wholly owned by Dennis Thompson, who is white. The case arose out of an alleged breach of an oral contract.
The jury was struck from a venire of 28 persons. Diversified's counsel peremptorily challenged the four black persons on the venire, and, as a result, an all-white jury was chosen to try the case.
After selection of the jury, but before the jury was sworn, Thomas's counsel objected *Page 347 
to the arbitrary striking by Diversified of all the blacks on the venire. The trial court denied the objection, and the jury subsequently returned a verdict against Thomas.
In his motion for new trial, Thomas once again raised his objection to the arbitrary striking of blacks from the venire. The trial court denied Thomas's motion and ruled thatBatson's holding did not apply in civil cases.
In Batson, the Supreme Court held that the equal protection clause of the Fourteenth Amendment forbids the prosecutor in a state criminal action to exercise peremptory challenges to remove members of the defendant's race from the venire. This Court applied the new standard enunciated in Batson in Ex parteJackson, 516 So.2d 768 (Ala. 1986). Moreover, in Ex parteBranch, 526 So.2d 609 (Ala. 1987), we set forth some general guidelines for reviewing the prosecution's "race-neutral" explanations for using peremptory challenges against black jurors.
Until the case at bar, this Court had not been adequately presented with the issue of whether a private litigant in the trial of a civil case can challenge the exercise of peremptory strikes on racial grounds. See Perry v. Seaboard Coastline R.R.Co., 527 So.2d 696 (Ala. 1988); Stallworth v. Board of SchoolCommissioners of Mobile Co., 507 So.2d 1323 (Ala. 1987). While I agree with the majority opinion's holding, I write specially because I think the majority falls short in its treatment of this issue.
To establish a violation of equal protection, a litigant must demonstrate that the state was the source of the purposeful discrimination. In a criminal case, the prosecutor exercising the peremptory strike is the state actor. In a civil action, however, there is no state actor utilizing the peremptory strike.
Several federal courts, with differing results, have addressed the issue of whether the principles ofBatson apply to civil cases.[3] The central issue in those cases has been whether there was a discriminatory "state actor" for purposes of the equal protection clause.
In Clark v. City of Bridgeport, 645 F. Supp. 890 (D.Conn. 1986), three civil rights cases were brought against the City of Bridgeport and several named police officers. The defendants used their peremptory challenges to strike every black citizen available to serve on the juries in all three cases. The federal district court held that the equal protection analysis enunciated in Batson pertaining to the use of peremptory challenges applied not only to criminal cases, but also to civil cases in which there had been a state action.645 F. Supp. at 896. The court in Clark found that the defendants' counsel, the city attorney, acting as an official of the city, was the state actor.
Clark was a unique case where the city attorney was involved in the civil action. In Edmonson v. Leesville Concrete Co.,860 F.2d 1308 (5th Cir. 1988), a black plaintiff brought a personal injury action arising out of alleged negligence on a construction job. The plaintiff used all three of his peremptory challenges to excuse whites. The defendant excused two blacks and one white. The plaintiff's counsel asked the trial court to require defense counsel to articulate a neutral explanation for his strikes, citing Batson. The trial court refused and impaneled a jury of 11 whites and one black. Plaintiff sought a new trial because of the defendant's alleged racial *Page 348 
discrimination in the exercise of its peremptory challenges.
The Fifth Circuit held that the guarantee of the equal protection forbids the exercise of peremptory challenges on racial grounds by private litigants in the trial of a civil case. The court drew on the fundamental principles ofBatson:
 "Racial prejudice has no more place in the federal courtroom on the days the court is conducting a civil trial than it does on the days when the same judge, seated at the same bench, in the same courtroom, is conducting a criminal trial.
". . . .
 "If we were to limit Batson to criminal cases, we would betray Batson's fundamental principle: the state's use, toleration, and approval of peremptory challenges based on race violates the equal protection clause."
860 F.2d at 1313-14.
The Eleventh Circuit Court of Appeals has held that it is the trial judge who is the state actor. In Fludd v. Dykes,863 F.2d 822 (11th Cir. 1989), a black citizen brought a civil rights action against a police officer and his supervisor, both of whom were white. The defendants peremptorily challenged the two black persons on the venire, and their removal resulted in an all-white jury. Plaintiff's counsel objected to the challenges, citing Batson. The trial court overruled the objection, holding that Batson did not apply to civil cases.
The Eleventh Circuit held that Batson applied to civil cases. With regard to the state actor, the court noted:
 "When blacks are excluded from jury service on account of their race, the Supreme Court has long recognized that the discriminatory actor is the trial court — even when the decision to exclude blacks may have originated in another state entity, such as the legislature. . . .
". . . .
 "Thus, until the trial judge overrules a party's objection to the racial composition of the venire, the law treats any previous decision on the part of a state entity to discriminate as harmless, insofar as the objecting party is concerned. The trial judge's decision — to proceed to trial, over the party's objection, with a jury selected from the venire on the basis of race — is the one that harms the objecting party. In overruling the objection, which informed the court that the peremptory challenger may be excluding blacks from the venire on account of their race, the judge becomes guilty of the sort of discriminatory conduct that the equal protection clause proscribes. Because the trial judge constitutes the discriminatory state actor under the equal protection clause, we conclude that there is no constitutional bar to the application of Batson to a civil suit."
863 F.2d at 828.
In the case at bar, Thomas timely objected to the arbitrary striking of all the blacks on the venire. The trial court overruled his objection, and later issued a written order wherein he ruled that Batson did not apply to civil cases. I agree with the analysis of the Eleventh Circuit, that in civil cases it is the trial judge who is the discriminatory state actor.
Arguments have been made that the principles ofBatson have severely limited the use of the peremptory challenge and may eventually lead to its demise. Ex parteBranch, 526 So.2d 609, 631 (Ala. 1987) (Beatty, J., dissenting). A "peremptory challenge" may be described as an arbitrary and capricious challenge to the seating of a certain prospective juror, without any showing of cause. 47 Am.Jur.2dJury SS 233 (1969). The right of rejection by peremptory challenge has been traditionally exercised without the assignment of any reason or any inquiry into motive. This right has, however, been limited by the Supreme Court in several decisions, including Batson.
While the use of the challenge has been limited, I believe that our cases have provided adequate procedural safeguards to support the retention of the policy allowing peremptory challenges. The guidelines of Ex parte Jackson and Ex parteBranch would be equally applicable in civil cases. The right to peremptorily challenge still exists; however, if the challenge appears *Page 349 
to be racially motivated, counsel should be prepared to state race-neutral grounds for his challenge.
[3] See Fludd v. Dykes, 863 F.2d 822 (11th Cir. 1989), petitionfor cert. filed, Tiller v. Fludd, 58 U.S.L.W. 3001 (U.S. June 23, 1989) (No. 882088) (applied Batson to civil cases);Swapshire v. Baer, 865 F.2d 948 (8th Cir. 1989) (expressed "strong doubts" whether Batson applied to civil cases);Edmonson v. Leesville Concrete Co., 860 F.2d 1308 (5th Cir. 1988) (reh'g granted en banc) (applied Batson to civil cases); Maloney v. Washington, 690 F. Supp. 687 (N.D.Ill. 1988), vacated on other grounds, Maloney v. Plunkett,854 F.2d 152 (7th Cir. 1988) (applied Batson to civil cases); Wilson v.Cross, 845 F.2d 163 (8th Cir. 1988) (expressed "strong doubts" whether Batson applied to civil cases, but, in any event, no prima facie discrimination was established); Clark v. City ofBridgeport, 645 F. Supp. 890 (D.Conn. 1986) (applied Batson to civil cases); Esposito v. Buonome, 642 F. Supp. 760 (D.Conn. 1986) (refused to apply Batson to civil cases, but, in any event, no prima facie case of purposeful discrimination was established).