No. 88–2137. MCMONAGLE ET AL. *v.* NORTHEAST WOMEN'S CENTER, INC. C. A. 3d Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

A question presented in this case is whether liability under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U. S. C. § 1961 *et seq.* (1982 ed. and Supp. V), may be imposed where neither the "enterprise" nor the "pattern of racketeering activity" had any profit-making element. The Second and Eighth Circuits have held that it may not. *United States* v. *Ivic,* 700 F. 2d 51, 58–65 (CA2 1983) (enterprise or predicate acts must have financial purpose); *United States* v. *Flynn,* 852 F. 2d 1045, 1052 (CA8) (enterprise must be directed toward economic goal), cert. denied, 488 U. S. 974 (1988). The Third Circuit in this case upheld RICO liability despite the absence of any economic motivation on the part of the defendants. I would grant certiorari to resolve the conflict.

On the order list of October 2, 1989, the Court also denied certiorari in the following cases.

*Norton* v. *United States,* No. 88–1889, cert. denied, *ante,* p. 871: The Eleventh Circuit held that law enforcement officers reasonably relied on warrants calling for the search and seizure of "'all corporate records . . . which are evidence and instrumentalities of the offense set forth in Section 1954 of Title 18 of the United States Code,'" and that the evidence seized pursuant to that warrant was admissible under the good-faith exception to the exclusionary rule articulated in *United States* v. *Leon,* 468 U. S.

897 (1984). 867 F. 2d 1354, 1360 (1989). The decision of the Eleventh Circuit conflicts with the Tenth Circuit's decision that a warrant ordering the seizure of all records "relating to the purchase, sale and illegal exportation of materials in violation of the Arms Export Control Act, 22 U. S. C. § 2778, and the Export Administration Act of 1979, 50 U. S. C. App. § 2410," was so facially overbroad that law enforcement officers could not reasonably rely on it, *United States* v. *Leary*, 846 F. 2d 592, 594 (1988), and a similar decision of the Ninth Circuit suppressing evidence seized under a warrant seeking "documents, books, ledgers, records and objects which are evidence of violations of federal criminal law," *Center Art Galleries-Hawaii, Inc.* v. *United States*, 875 F. 2d 747, 749 (1989). The conflict should be resolved.

*Bergen* v. *F/V St. Patrick*, No. 88–1960, and *Kidd* v. *F/V St. Patrick*, No. 88–1762, cert. denied, *ante*, p. 871: The Ninth Circuit held that where a Death on the High Seas Act claim, 41 Stat. 537, 46 U. S. C. App. § 761 *et seq.* (1982 ed., Supp. V), is joined with a Jones Act claim, 41 Stat. 1007, 46 U. S. C. App. § 688 (1982 ed., Supp. V), neither statutory scheme may be supplemented by an award of punitive damages under general maritime law. 816 F. 2d 1345 (1987), modified, 866 F. 2d 318 (1989). This holding is contrary to the Fifth Circuit's decision in *In re Merry Shipping, Inc.*, 650 F. 2d 622, 625–626 (1981), that punitive damages are available under general maritime law even when such a claim is joined with a Jones Act claim. The conflict should be resolved.

*Tiller* v. *Fludd*, No. 88–2088, cert. denied, *ante*, p. 872: The Eleventh Circuit held that *Batson* v. *Kentucky*, 476 U. S. 79 (1986), prohibits the use of race-based peremptory challenges by an attorney in a civil action. The Eleventh Circuit concluded that the trial court's participation in the exercise of the peremptory strikes provided the state action necessary to be a violation of the Equal Protection Clause. 863 F. 2d 822 (1989). The Eighth Circuit has expressed "'strong doubts'" whether *Batson* applies to civil actions, see *Swapshire* v. *Baer*, 865 F. 2d 948, 953 (1989); *Wilson* v. *Cross*, 845 F. 2d 163, 164 (1988), and this important issue should be resolved.

*Caraballo-Sandoval* v. *United States*, No. 88–7438, and *Caraballo-Lujan* v. *United States*, No. 88–7480, cert. denied, *ante*, p. 876: Pursuant to 98 Stat. 2044, 21 U. S. C. § 853(a) (1982 ed., Supp. V), defendants convicted of serious federal narcotics offenses must forfeit to the United States any assets derived from,

or used in, the commission of those crimes. 866 F. 2d 1343 (CA11 1989). The question here is whether, in this context, due process requires courts to provide a pretrial hearing to determine if some likelihood exists that the assets at issue will ultimately be subject to forfeiture. The Eleventh Circuit's resolution of this issue in this case conflicts with the Ninth Circuit's conclusion in *United States* v. *Crozier*, 777 F. 2d 1376, 1383–1384 (1985). The conflict should be resolved.

*Automobile Importers of America, Inc.* v. *Minnesota*, No. 89–72, cert. denied, *ante*, p. 872: The Eighth Circuit held that the federal Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 88 Stat. 2183, 15 U. S. C. § 2301 *et seq.*, does not pre-empt state efforts to regulate private dispute resolution mechanisms established by manufacturers to settle warranty disputes with consumers. 871 F. 2d 717 (1989). The Eighth Circuit's decision comports with that of the Fifth Circuit in *Chrysler Corp.* v. *Texas Motor Vehicle Comm'n*, 755 F. 2d 1192 (1985), but conflicts with the Fourth Circuit's decision in *Wolf* v. *Ford Motor Co.*, 829 F. 2d 1277 (1987). The conflict should be resolved.

*Rayner* v. *Smirl*, No. 89–82, cert. denied, *ante*, p. 876: The Fourth Circuit held that the whistle-blower provision of the Federal Railroad Safety Act of 1970, 84 Stat. 971, as amended, 45 U. S. C. § 441(a) (1982 ed. and Supp V), pre-empts a state-law action for wrongful discharge of a supervisory railroad employee who reports his employer's railroad safety violations. 873 F. 2d 60 (1989). In *Wheeler* v. *Caterpillar Tractor Co.*, 108 Ill. 2d 502, 485 N. E. 2d 372 (1985), cert. denied, 475 U. S. 1122 (1986), the Illinois Supreme Court reached a contrary result under a nearly identical statute, holding that the whistle-blower provision of the Energy Reorganization Act of 1974, 92 Stat. 2951, as added, 42 U. S. C. § 5851 (1982 ed.), did not pre-empt a state-law action for wrongful discharge of an employee who reported nuclear safety violations. The issue should be addressed.

*Witters* v. *Washington Dept. of Services for Blind*, No. 89–94, cert. denied, *ante*, p. 850: Petitioner was disqualified from receiving vocational aid under a state program that is primarily federally funded because he wants to study to become a minister. After the denial of aid to petitioner was upheld by the Washington Supreme Court, 102 Wash. 2d 624, 689 P. 2d 53 (1984), this Court granted certiorari. We reversed, 474 U. S. 481 (1986), concluding that the Establishment Clause presented *no* constitutional bar-

rier to the vocational aid scheme, and remanded for further factual development and consideration of the program's legitimacy under the stricter dictates of the Washington Constitution's Establishment Clause. On remand, the Washington Supreme Court again upheld the denial of aid, this time on state constitutional grounds. 112 Wash. 2d 363, 771 P. 2d 1119 (1989). Petitioner now presses a free exercise claim under our *Sherbert* v. *Verner*, 374 U. S. 398 (1963), line of cases. This case presents important federal questions regarding the free exercise rights of citizens who participate in state aid programs that permit recipients a private choice in using funds received and regarding the extent to which state involvement with religion that does not violate the Establishment Clause is required by the Free Exercise Clause. The fact that 80 percent of the program's funding is federal also may raise significant Supremacy Clause issues. These important federal questions deserve attention.

*Urquhart & Hassell* v. *Chapman & Cole*, No. 89–107, cert. denied, *ante*, p. 872: Petitioner asked us to consider the Fifth Circuit's decision that an abuse-of-discretion standard applies in a case under Federal Rule of Civil Procedure 11 when courts of appeals review district court determinations on questions of law and fact. 865 F. 2d 676 (1989). Other Circuits have applied a *de novo* standard to questions of law in this context. See, *e. g.*, *Zaldivar* v. *Los Angeles*, 780 F. 2d 823, 829 (CA9 1986). We should resolve this conflict.

*Enco Manufacturing Co.* v. *Clamp Manufacturing Co.*, No. 89–199, cert. denied, *ante*, p. 872: A question presented in this case is whether a district court's finding of a likelihood of confusion in a trademark infringement matter under § 43(a) of the Lanham Trade-Mark Act, 60 Stat. 449, as amended, 15 U. S. C. § 1125(a), is reviewable under the "clearly erroneous" standard, as a finding of fact, or *de novo*, as a conclusion of law. 870 F. 2d 512 (CA9 1989). I have noted before that federal courts disagree over this question. See *Euroquilt, Inc.* v. *Scandia Down Corp.*, 475 U. S. 1147 (1986) (WHITE, J., dissenting from denial of certiorari); *Elby's Big Boy of Steubenville, Inc.* v. *Frisch's Restaurants, Inc.*, 459 U. S. 916 (1982) (same). We should resolve the conflict.

*MEBA Pension Trust* v. *Rodriguez*, No. 89–206, cert. denied, *ante*, p. 872: The Fourth Circuit held that the Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829, as amended, 29 U. S. C. § 1001 *et seq.* (1982 ed. and Supp. V), ap-

plies to a denial of benefits, when the denial is based on an action by the plan prior to ERISA's effective date. 872 F. 2d 69 (1989). Other Courts of Appeals have held to the contrary. See, *e. g.*, *Menhorn* v. *Firestone Tire & Rubber Co.*, 738 F. 2d 1496, 1501 (CA9 1984). This conflict should be resolved.

*Boyd* v. *Alabama*, No. 89–5053, cert. denied, *ante*, p. 883: The Alabama Supreme Court held that a warrantless search of an automobile in police custody need only be supported by probable cause. A showing of exigent circumstances is not required. 542 So. 2d 1276 (1986). Although this Court's decisions in cases such as *United States* v. *Johns*, 469 U. S. 478, 484 (1985); *California* v. *Carney*, 471 U. S. 386 (1985); and *Michigan* v. *Thomas*, 458 U. S. 259, 261–262 (1982) *(per curiam)*, appear to have foreclosed a contrary position, some courts have continued to require a showing of exigent circumstances before validating a warrantless automobile search, see, *e. g.*, *United States* v. *Alexander*, 835 F. 2d 1406, 1410 (CA11 1988); *United States* v. *Hepperle*, 810 F. 2d 836, 840 (CA8 1987). We should address this issue.

*Farrell* v. *Illinois*, No. 89–5233, cert. denied, *ante*, p. 872: The Illinois Appellate Court held that petitioner's affirmative response to a judge's question during his initial appearance regarding whether petitioner was going to hire an attorney was not enough to invoke petitioner's Sixth Amendment right to counsel under *Michigan* v. *Jackson*, 475 U. S. 625 (1986), and so did not bar further police-initiated interrogation. 181 Ill. App. 3d 446, 536 N. E. 2d 476 (1989). The Illinois Supreme Court denied discretionary review. 126 Ill. 2d 562, 541 N. E. 2d 1110 (1989). This holding is directly contrary to the holdings of *Fleming* v. *Kemp*, 837 F. 2d 940, 947 (CA11 1988) *(per curiam)*, and *Wilson* v. *Murray*, 806 F. 2d 1232, 1235 (CA4 1986), cert. denied, 484 U. S. 870 (1987). The conflict deserves our attention.