■ CHARLES T. GUARNIER, Respondent, v AMERICAN DREDG-ING CO., Defendant. HOWARD W. BURNS, JR., Nonparty Appellant.—Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered January 10, 1990, wherein the court sua sponte imposed sanctions upon defendant's counsel for "frivolous conduct" in the amount of $5,000, under 22 NYCRR 130-1.1 (c), modified, on the law, and in the exercise of discretion, to reduce the sanction to the sum of $1,000, and otherwise affirmed, without costs.

The sole appellant before us on this appeal is trial counsel for defendant, Howard W. Burns, Jr., Esq., who seeks vacatur of the $5,000 sanction levied upon him by the court.

On the occasion of the fourth jury trial in this protracted negligence action brought by a seaman to recover damages for a broken wrist *(see prior appeals,* 145 AD2d 341; 151 AD2d 1056), the Trial Judge encountered difficulty in compelling juror No. 3, one Michael Davis, who had previously been accepted by the parties and individually sworn, to return to court and serve because of his fears that jury service would

put his employment at risk. The court's persuasive powers exercised in a direct telephone call to Mr. Davis prevailed, and he ultimately appeared and was seated with the panel to be sworn en banc. At this juncture the court inquired of counsel individually whether the jury was "satisfactory". Defendant's counsel responded that "under the circumstances * * * I don't think Mr. Davis should be forced to sit on this jury." The court immediately excused the jury, referred to defendant's counsel's conduct as "outrageous", and stated "I [the Court] am prepared to declare a mistrial and pick a new jury right now and I'll assess costs on [defendant's counsel] for your [plaintiff's counsel's] time." A mistrial followed, and a new jury was empaneled, which ultimately rendered a verdict in favor of defendant.

Two months after this verdict the court issued its written decision addressing Mr. Burns' conduct at the voir dire and concluding that the form of counsel's objection was "an improper attempt to curry favor with juror Michael Davis" in the presence of the other jurors, leaving the court no choice but to grant plaintiff's motion for a mistrial. With this finding, based upon what transpired in open court, we fully concur. Counsel had previously fully preserved his position vis-a-vis Mr. Davis and this was an unnecessary grandstand play with obvious disruptive potential, wasting the time of the court itself (pursuant to CPLR 4107, counsel had insisted that the Judge supervise the voir dire), his opponent, and the two venires. However, we find the sanction itself excessive to the extent indicated.

What induced the trial court to impose, in our view, a grossly excessive penalty was its conclusion, unsupported by the hearing mandated by the Rules of the Chief Administrator of the Courts or any specific findings of fact, that Mr. Burns' outburst was part of a larger strategic scheme wrongfully to exclude Afro-Americans, including Mr. Davis, from the jury destined to try the case. Thus, without any notice to Mr. Burns, the good faith of his fully used peremptory challenges was subjected to scrutiny and found wanting under the standards of *Batson v Kentucky* (476 US 79), which interdict the prosecutor's use in a criminal case of peremptory challenges based solely upon racial or ethnic grounds. Citing the Second Department decision in *People v Kern* (149 AD2d 187), the court discerned a "rationale which may very well make the Batson rule applicable in civil cases." *Kern* did not address that question, and its holding was to expand the strictures of *Batson* to control the conduct of defense counsel in a criminal

case. The pertinence of *Batson* to civil cases is far from clear; its applicability in a civil case has been rejected by one federal circuit *(Edmonson v Leesville Concrete Co.,* 895 F2d 218 [5th Cir en banc], *cert granted* — US —, 112 L Ed 2d 18) and questioned by another *(Wilson v Cross,* 845 F2d 163, 164-165 [8th Cir]; *see also, Esposito v Buonome,* 642 F Supp 760 [D Conn]), but we need not reach that issue in this case, and we simply rest on the circumstance that no *Batson* violation of any kind is established in this record.

It follows that since the mainstay of the court's finding of misconduct is lacking, our substantial reduction of the sanction is called for. We note that an appeal from an order of sanctions is not arguable. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.