124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard HOWSON, a Washington resident, Plaintiff-Appellee,
v.
PACIFIC LADY F/V, O.N. 293369, her Engines, Tackle, and
Appurtenances, Defendant
and
PACIFIC LADY, INC., a Washington corporation, Defendant-Appellant.
 
 1
 No. 96-35593.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted September 9, 1997.
Decided September 22, 1997.
 
 3
 Appeal from the United States District Court for the Western District of Washington, John C. Coughenour, District Judge, Presiding; No. CV-94-01714-JCC.
 
 
 4
 Before: WRIGHT and SCHROEDER, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 5
 MEMORANDUM*
 
 
 6
 Richard Howson was injured when he was struck in the head by a tow line while setting the nets for the F/V PACIFIC LADY. Howson sued the PACIFIC LADY for the injuries he suffered as a consequence of the accident. The district court found the PACIFIC LADY 70% at fault and awarded Howson damages, including $47,000 for future lost income (before reduction by 30%). PACIFIC LADY timely appealed the judgment.
 
 
 7
 The district court had jurisdiction under 28 U.S.C. § 1333(1) and 46 U.S.C. § 688, and this court has jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 8
 At oral argument, counsel for PACIFIC LADY advised the court that the sole ground for appeal was that the award of future lost income is not supported by the evidence. The district court had found that "Howson has had some years of significant overall income in the five years before the injury, including $54,000 in 1987, but some years with significantly lower income as well."[1] It further found that an award of "$47,000 for future lost income[ ] is fair and reasonable ... tak[ing] into account prejudgment interest, discount to present value, and the effect of taxes." Howson's income tax returns in evidence disclose that during the eleven years preceding the August 1993 accident, his annual income (excluding unemployment compensation) ranged between $21,000 and $54,000, averaging over $30,000. In the year following his accident, Howson earned $6,400. His post-accident employment pays him $12 to $14 per hour; he generally works 40 hour weeks but because the amount of work is irregular, Howson sometimes works substantially less than that. Assuming he works 50 weeks a year full-time, he would earn $26,000. Thus, the evidence shows an annual earning loss in excess of $4,000. At the time of the accident Howson was 47 years old and evidence showed that men in Howson's jobs continue working into their sixties. There was no evidence that Howson's physical condition would have curtailed his work life expectancy.
 
 
 9
 The district court's factual findings are reviewed for clear error, Bergen v. F/V ST. PATRICK, 816 F.2d 1345, 1350 (9th Cir.1987), modified in part, 866 F.2d 318 (9th Cir.1989), and such findings "must be comprehensive enough to provide a basis of decision and must be fairly supported by the record." Id.
 
 
 10
 While the findings supporting the district court's award of future lost income are not extensive, the award will be overturned only if it is clearly erroneous. Bergen, 816 F.3d at 1350. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court ... is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum, 333 U.S. 364, 395 (1948). Review for clear error requires that this court consider whether the district court's award was "excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." Sutton v. Earles, 26 F.3d 903, 918 (9th Cir.1994).
 
 
 11
 "[I]n calculating damages, [the district court may] assume[ ] that if the injured party had not been disabled, he would have continued to work, and to receive wages at periodic intervals until retirement, disability, or death." Jones & Laughlin Steel Corp. v. Pfeiffer, 462 U.S. 523, 533 (1983) (emphasis added).
 
 
 12
 Although the district court did not specify the method by which it calculated damages, the $47,000 lost future earnings award here is supported by the evidence, represents a reasonable approximation of damages (taking into account prejudgment interest, discount to present value, and the effect of taxes, as the district court did), and cannot be said to be the result of "speculation or guesswork." Sutton, 26 F.3d at 918; see Frito-Lay, Inc. v. Local Union No. 137, IBT, 623 F.2d 1354, 1364 (9th Cir.1980) (finding that "it will suffice if the evidence shows the extent of damages as a matter of just and reasonable inference, although the result may be only approximate").
 
 
 13
 The judgment is AFFIRMED.
 
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court also took into account that in part Howson's current condition was an aggravation of a pre-existing injury but PACIFIC LADY waived this issue at oral argument