■ Lorraine E. Brooks, Appellant, v City of Mount Vernon et al., Respondents. (And a Third-Party Action.) [720 NYS2d 832] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered November 10, 1999, which, upon a jury verdict, is in favor of the defendants and against her dismissing the complaint, and (2) an order of the same court, entered November 18, 1999, which denied her motion to set aside the verdict.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event; and it is further,

Ordered that the appeal from the order is dismissed in light of our determination of the appeal from the judgment.

The plaintiff was allegedly injured when she tripped and fell over a raised slab of a sidewalk adjacent to a steel grate cover-

ing a vault and transformer owned by Consolidated Edison Company of New York, Inc. (hereinafter Con Ed). She commenced this action against the City of Mount Vernon (hereinafter the City), the owners of the property abutting the sidewalk, and Con Ed. After trial, the jury returned a verdict in favor of the defendants.

The plaintiff correctly contends that she is entitled to a new trial because the Supreme Court denied her request to have a Judge present during jury selection. CPLR 4107 provides that "[o]n application of any party, a judge shall be present at the examination of the jurors." The language of the statute is mandatory, and the failure to comply with its provisions constitutes reversible error (*see, Guarnier v American Dredging Co.,* 145 AD2d 341; *Baginski v New York Tel. Co.,* 130 AD2d 362). Contrary to the defendants' contentions, the plaintiff did not waive her statutory right to have a Judge present.

The plaintiff, however, is not entitled to judgment as a matter of law against the City. There was sufficient evidence from which the jury could have rationally concluded that the City did not receive prior written notice of the defective condition and, therefore, was not liable (*see generally, Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Since we are directing a new trial, we note that, contrary to the plaintiff's contention, the court providently exercised its discretion in permitting Con Ed's witness to testify as an expert. His limited expertise did not preclude his testimony, but was a factor to be considered by the jury in evaluating his testimony (*see, Smith v City of New York,* 238 AD2d 500; *De Luca v Kameros,* 130 AD2d 705). The court also properly denied the plaintiff's request to charge that a property owner assumes liability to an injured pedestrian for a defective sidewalk condition by falsely representing to a municipality that violations previously issued by the municipality had been cured. While an owner might incur liability to a municipality by falsely representing that repairs were made (*see, City of New York v Kalikow Realty Co.,* 71 NY2d 957), it does not assume liability to an injured party by doing so.

However, the plaintiff correctly contends that the court erred in refusing to redact a portion of a document prepared by an assistant engineer for the City. Because the court would not permit the redaction, the plaintiff did not offer the document into evidence. The portion of the document she sought to have redacted was inadmissible as it was not based on personal knowledge and was speculative (*see, Casey v Tierno,* 127 AD2d 727).

In light of our determination that a new trial must be held, it is unnecessary to address the plaintiff's remaining contentions. O'Brien, J. P., Ritter, Altman and Schmidt, JJ., concur.